**NOWLAN & MOUAT, LLP**
JULIE A. LEWIS
JLEWIS@NOWLAN.COM
100 SOUTH MAIN STREET
P.O. BOX 8100
JANESVILLE, WI 53547-8100
Tel. (608) 755-8100
Fax (608) 755-8110

**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

LEILA NOURANI, CA BAR NO. 163336
LNOURANI@FOLEY.COM
MICHAEL B. MCCOLLUM, CA BAR NO. 235447
MMCCOLLUM@FOLEY.COM

ATTORNEYS FOR RESPONDENT DSD DISTRIBUTORS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation<br><br>Petitioner,<br><br>vs.<br><br>DSD DISTRIBUTORS, INC., a Wisconsin corporation<br><br>Respondent. | Case No: 08 CV 0619 LAB RBB<br><br>**DSD DISTRIBUTORS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY PETITION TO CONFIRM ARBITRATION AWARD**<br><br>**[SUPPORTING DECLARATION OF LEILA NOURANI FILED CONCURRENTLY HEREWITH]**<br><br>Judge: Hon. Larry A. Burns<br><br>Hearing<br>Date: June 9, 2008 (Reserved)<br>Time: 11:15 a.m.<br>Judge: Hon. Larry A. Burns |

CASE NO. 08 CV 0619 LAB RBB

LACA_1647058.4

1 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2 **PLEASE TAKE NOTICE** that on June 9, 2008, at 11:15 a.m., in the Courtroom

3 of the Honorable Larry A. Burns, located in Courtroom 9 at 940 Front Street, San

4 Diego, CA 92101-8900, Respondent DSD Distributors, Inc. will and hereby does

5 move the Court for an Order dismissing this action with prejudice for lack of

6 subject matter jurisdiction pursuant to F.R.C.P. Rule 12(b)(1) and 28 U.S.C. 1332,

7 or in the alternative, dismissing this action with prejudice or staying this action

8 because it raises important Wisconsin state interests presently being contested in a

9 parallel, and earlier filed Wisconsin state court action.  This motion will be based

10 on this Notice of Motion and Motion, the Memorandum of Points and Authorities

11 filed herewith, the supporting Declaration of Leila Nourani, any supporting Reply

12 motion, any argument at hearing on this motion, and the pleadings and files herein.

14 Dated:  April 16, 2008         FOLEY & LARDNER LLP
                                  LEILA NOURANI
15                                MICHAEL B. MCCOLLUM

18                           By:  /s/ Leila Nourani _____
                                  Leila Nourani
19                                Michael B. McCollum

20                                Attorneys for Respondent DSD
                                  DISTRIBUTORS, INC., a Wisconsin
21                                corporation

1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION.............................................. 1

II. BACKGROUND................................................ 1

    A. The Parties and the Distributorship.................. 1

    B. Hansen Simultaneously Sues DSD in Arbitration and in the Central District of California................ 2

    C. Hansen's Claims Implicate Important Wisconsin Public Policy........................................ 2

    D. DSD First Raises Its Wisconsin Statutory Claims In The Wisconsin Circuit Court....................... 3

    E. The Wisconsin Circuit Court Refers DSD's Statutory Claims To Arbitration But Retains Jurisdiction Over the Parties and Claims............. 3

    F. Hansen's Action in the Central District of California is Dismissed With Prejudice and then the Arbitrator Issues the Award...................... 4

    G. Hansen Petitions This Court to Confirm the Award the Same Day DSD Petitions the Wisconsin Court in the Earlier Wisconsin Action for a Partial Vacation of the Award................................ 4

III. ARGUMENT.................................................. 5

    A. This Court Lacks Subject Matter Jurisdiction......... 5

    B. Dismissal, or at Minimum a Stay, Is Warranted Because Of The Parallel and Earlier Filed Wisconsin Circuit Court Action....................... 6

IV. CONCLUSION................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Beltran v. State of Calif.*,
   871 F.2d 777 (9th Cir. 1988) ........................................................................................... 8

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800, 96 S.Ct. 1236 (1976) ................................................................................. 8

*Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*,
   805 F.2d 1353 (9th Cir. 1986) ......................................................................................... 8

*Gibson v. Berryhill*,
   411 U.S. 564, 93 S.Ct. 1689 (1973) ................................................................................. 8

*Goodman v. CIBC Oppenheimer & Co.*,
   131 F.Supp.2d 1180 (C.D. Cal. 2001) .............................................................................. 5

*M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles*,
   419 F.3d 1036 (9th Cir. 2005) ......................................................................................... 8

*Mission Oaks Mobile Home Park v. City of Hollister*,
   989 F.2d 359 (9th Cir. 1993) ........................................................................................... 9

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*,
   460 U.S. 1, 103 S.Ct 927 (1983) ..................................................................................... 8

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) ......................................................................................... 8

*Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*,
   477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) .................................................... 7

*Quick & Reilly, Inc. v. Saglio*,
   717 F.Supp. 822 (S.D.Fla. 1989) ..................................................................................... 5

*Theis Research, Inc. v. Brown &* Bain,
   400 F.3d 659 (9th Cir. 2005) ....................................................................................... 5-6

*Youell v. Exxon Corp.*,
   74 F.3d 373 (2nd Cir. 1996) ............................................................................................ 8

**FEDERAL STATUTES**

28 U.S.C. § 1332 .................................................................................................................. 5-6

9 U.S.C.A. § 9 ......................................................................................................................... 5

28 U.S.C.A. § 1331 .................................................................................................................. 6

**STATE STATUTES**

Wis. Stat. 135.01, *et seq.* ........................................................................................................ 2

Wis. Stat §§ 135.03 and 135.04 ............................................................................................... 3

Wis. Stat. § 135.025 ............................................................................................................. 2-3

Wis. Stat. § 801.63(4) .............................................................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves simultaneously filed petitions in connection with an arbitration award (the "Award") in the amount of zero dollars. Petitioner Hansen Beverage Company ("Hansen") filed its petition to confirm the award in this Court the same day Respondent DSD Distributors, Inc. ("DSD") filed a motion for partial vacation of the award in Wisconsin state court. The Award was made, however, in the context of an earlier filed and still pending Wisconsin state court action in which DSD first raised its Wisconsin statutory claims and the Wisconsin state court stayed the matter on Hansen's motion to allow for arbitration of DSD's statutory claims but retained jurisdiction over the parties and the subject matter. DSD has now sought partial vacation of the award in that Wisconsin action.

Because the underlying Award is for zero dollars, this court lacks subject matter jurisdiction since the amount in controversy does not exceed $75,000.

Furthermore, because DSD first raised its Wisconsin statutory claims in the earlier Wisconsin action, which is still pending and which is where DSD has brought its motion for partial vacation of the award, dismissal or a stay of this action is warranted under rules of abstention. This action should be dismissed under "Younger" abstention because it implicates important state interests presently being litigated in that Wisconsin action. At a very minimum, a stay is warranted for reasons of judicial efficiency under "Colorado River" abstention until conclusion of that Wisconsin action, because that action involves identical issues, it long predates this action, and it is better suited to resolve the issues of Wisconsin state law implicated by the Award and the parties competing petitions.

## II. BACKGROUND

### A. The Parties and the Distributorship

DSD is a beverage distributor in Wisconsin. Hansen is a beverage maker based in California. In 2004, the parties entered into a distribution contract

1

whereby DSD would distribute certain Hansen beverages in particular counties in Wisconsin. (Petition, Ex. 2)

### B. Hansen Simultaneously Sues DSD in Arbitration and in the Central District of California

On April 25, 2007, Hansen served DSD both with a demand for JAMS arbitration and a complaint for injunctive and declaratory relief in the Central District of California. (Nourani Decl., Ex. A)[1]

### C. Hansen's Claims Implicate Important Wisconsin Public Policy

Wisconsin law is extraordinarily protective of distributors and dealers. This is manifested in the Wisconsin Fair Dealership Law ("WFDL"), at Wis. Stat. 135.01, *et seq.* The express purpose of the WFDL is stated as follows:

> (a) To promote the compelling interest of the public in fair business relations between dealers and grantors, and in the continuation of dealerships on a fair basis;
>
> (b) To protect dealers against unfair treatment by grantors, who inherently have superior economic power and superior bargaining power in the negotiation of dealerships;
>
> (c) To provide dealers with rights and remedies in addition to those existing by contract or common law; [and,]
>
> (d) To govern all dealerships, including any renewals or amendments, to the full extent consistent with the constitutions of this state and the United States.

Wis. Stat. § 135.025. (Nourani Decl., Ex. B)

---

[1] DSD hereby requests this Court take judicial notice of the documents attached to the Declaration of Leila Nourani ("Nourani Decl."), which consist of a Wisconsin statute and court records and order of the action in Wisconsin Circuit Court, Rock County, Case No. 2007CV001120, and the action in the United States District Court for the Central District of California, Case No. CV 07-2712 FMC (JWJx). *See* Fed. R. Evid. 201(b); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

To effectuate this purpose, the WFDL prohibits "grantors" from terminating or substantially changing the competitive circumstances of a dealership agreement without "good cause" (as defined by the statute) or substantially changing the competitive circumstances of the dealership relationship generally without giving prior statutory notice. *See* Wis. Stat §§ 135.03 and 135.04. (*Id.*)

In its arbitration demand, Hansen claimed DSD breached the distribution agreement in a variety of ways, and sought declaratory relief that the WFDL did not apply to the distributorship, that the arbitration agreement was enforceable, and that Hansen could terminate DSD in accordance with the terms of the distribution agreement rather than only for statutory good cause. (Petition, Ex. 1; Nourani Decl., Ex. A)  In its Central District federal court claim, Hansen sought an injunction preventing DSD from distributing certain products, and declaratory relief that it could enforce the arbitration provision in the agreement. (Nourani Decl., Ex. A)

By these claims, Hansen necessarily implicated Wisconsin's WFDL.

### D.  DSD First Raises Its Wisconsin Statutory Claims In The Wisconsin Circuit Court

On Jul 20, 2008, DSD filed an action in the Wisconsin state court raising a WFDL-based claim. (Nourani Decl., Ex. A, pp. 3-4.)

### E.  The Wisconsin Circuit Court Refers DSD's Statutory Claims To Arbitration But Retains Jurisdiction Over the Parties and Claims

Hansen appeared in that action, did not object to personal jurisdiction, and in fact requested relief from the Wisconsin court in the form of a stay of that action and referral of DSD's claims to arbitration. (Nourani Decl., Ex. C)  At Hansen's request, the Wisconsin action was stayed so that DSD's statutory claims could be referred to arbitration. (Nourani Decl., Ex. D) However, the Wisconsin state court ***retained and continues to retain jurisdiction over the parties and the claims made under Wisconsin law*** pursuant to the Wisconsin statute under which that

3

1 action was stayed and as reflected in that court's stay order.[2]  Furthermore, on
2 April 14, 2008, the Wisconsin Court issued another order setting a hearing for May
3 16, 2008 and stating, "This matter will not be adjourned by the court except upon
4 formal motion for good cause shown or with the specific approval of the court
5 upon stipulation by all parties."  (Nourani Decl., Ex. E)

### F. Hansen's Action in the Central District of California is Dismissed With Prejudice and then the Arbitrator Issues the Award

On April 1, 2008, Hansen's Federal Court Action in the Central District of California was dismissed with prejudice.  (Nourani Decl., Ex. F)

On April 4, 2008, the JAMS Arbitrator issued the Award.  Although the Award found – against Hansen – that DSD was a protected "dealer" under the statute, that DSD had not breached the dealership agreement under any of the nine theories put forth by Hansen in arbitration, and that Hansen could not terminate the dealership in accordance with the terms of the contract without "good cause," the Award also found that Hansen had not violated the WFDL, and further declined to award DSD any attorneys' fees for defeating Hansen's arbitration claims. (Petition, Ex. 1 [Filed Under Seal])

### G. Hansen Petitions This Court to Confirm the Award the Same Day DSD Petitions the Wisconsin Court in the Earlier Wisconsin Action for a Partial Vacation of the Award

---

[2] The stay order in the Wisconsin action provided, in pertinent part: "Pursuant to Sect. 801.63, Wis. Stats, Defendants' Motion for a Stay of this action is granted. In addition, this matter is stayed pursuant to Sec. 788.02 to permit arbitration between Hansen Beverage and DSD.  The stay shall continue until further order of the Court.  Plaintiff and Defendant Hansen Beverage are further ordered to notify the Court of the status of the California arbitration and the California federal court action every six months until the arbitration and/or the federal court action have been completed."  (Nourani Decl., Ex. D) Wis. Stat. § 801.63(4) provides, in pertinent part, "Jurisdiction of the court continues over the parties to a proceeding in which a stay has been ordered under this section ***until a period of 5 years has elapsed*** since the last order affecting the stay was entered in the court." (Emphasis added)

The same day the Award was issued, DSD filed and served – in accordance with the Wisconsin Circuit Court's retention of jurisdiction over DSD's statutory claims – a Motion for Partial Vacation of the Final Award in the pending Wisconsin state court action. (Nourani Decl., Ex. A) DSD contends that the award's denial of DSD's statutory claims and requested attorneys' fees violates Wisconsin public policy. (Id., p. 8) On that day as well, Hansen filed the instant petition in this Court to confirm the Award.

## III. ARGUMENT

### A. This Court Lacks Subject Matter Jurisdiction

As a preliminary matter, because the amount of the Award is zero, the $75,000 "amount in controversy" requirement for diversity jurisdiction under 28 U.S.C. § 1332 is not met. *See Theis Research, Inc. v. Brown &* Bain, 400 F.3d 659, 664-665 (9th Cir. 2005); Goodman *v. CIBC Oppenheimer & Co.*, 131 F.Supp.2d 1180, 1184 (C.D. Cal. 2001) ("Although Courts have crafted at least four different ways of analyzing the amount in controversy in petitions to vacate or confirm arbitration awards, the Court finds the approach of the Sixth and Eleventh Circuits to be the most widely followed. The case law from those circuits holds that the amount in controversy is equal to the arbitration award regardless of the amount sought in the underlying arbitration."); *Quick & Reilly, Inc. v. Saglio*, 717 F.Supp. 822, 824 (S.D.Fla. 1989).[3]

---

[3] Holding no diversity jurisdiction existed on petition to confirm arbitration award in amount of $44,181.34 at time when diversity jurisdiction only existed for disputes where at least $50,000 was in controversy, explaining:

"Courts have consistently held that actions brought under the Federal Arbitration Act require an independent jurisdictional basis. Claimants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C.A. Section 9, must demonstrate independent grounds of federal subject matter jurisdiction. The provisions of 9 U.S.C.A Section 9 do not in themselves confer subject matter jurisdiction on a federal district court. Under the Federal Arbitration Act, federal jurisdiction is available only if otherwise available through some independent source such as 28 U.S.C.A. Section 1331 or Section 1332." (Citations omitted).

1   Although the underlying arbitration claims manifested a controversy in
2   excess of $75,000, because Hansen seeks merely to confirm, rather than to
3   "reopen" that underlying controversy, a Court may not look to the claims in the
4   underlying arbitration to determine the amount in controversy.  *See Theis*, 400 F.3d
5   at 664-665 (noting that decisions from other circuits on this issue turned on
6   "whether the party seeking to vacate an arbitration award also sought to reopen the
7   arbitration.")  In *Theis*, the plaintiff, simultaneously with filing a petition to vacate
8   an arbitration award in the amount of zero, also filed a complaint seeking $200
9   million in damages – alleging substantially the same claims brought in arbitration.
10  Finding that by making this complaint the plaintiff effectively sought to reopen the
11  arbitration claims, the Court looked to the amount in controversy in the
12  simultaneously filed claim to determine the amount in controversy, and found that
13  it exceeded the $75,000 requirement.

14  Here, in contrast, Hansen seeks merely to confirm an award in the amount of
15  zero dollars, no such request is made by Hansen to reopen the underlying
16  arbitration, and thus the amount in controversy is zero, and not sufficient to create
17  diversity jurisdiction. *See also*, Schwarzer, Tashima, Wagstaffe, California Practice
18  Guide, Federal Civil Procedure Before Trial (The Rutter Guide, 2008), section
19  2:486.1 ("Where an arbitration award has been made, the amount in controversy is
20  the amount of the award unless plaintiff is seeking to reopen the arbitration.")

21  **B.   Dismissal, or at Minimum a Stay, Is Warranted Because Of The**
22  **Parallel and Earlier Filed Wisconsin Circuit Court Action**

23  Even if this Court has subject matter jurisdiction, dismissal, or at a minimum
24  a stay, is warranted under "Younger" abstention because the Wisconsin state court
25  action implicates important state interests and/or under "Colorado River"
26  abstention and considerations of "wise judicial administration" because the
27  Wisconsin state court action raises identical issues.
28  Under the *Younger* rubric, "A federal court must abstain to avoid

6

CASE NO. 08 CV 0619 LAB RBB

LACA_1647058.4

1  interference in a state-court civil action when three tests are met.  First, the
2  proceedings must implicate important state interests; second, there must be
3  ongoing state proceedings; and third, the federal plaintiff must be able to litigate its
4  federal claims in the state proceedings." *M&A Gabaee v. Community*
5  *Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005)
6  (affirming district court's dismissal of two federal suits under *Younger* abstention
7  due to earlier filed eminent domain actions in California state court).

8        Here, the Wisconsin action was initiated in the summer of 2007 and was
9  certainly pending at the time DSD moved to partially vacate the Award the same
10 day Hansen filed this petition to confirm the Award.  There are no federal claims
11 raised by Hansen either in the underlying arbitration or this petition that would
12 require this Court to evaluate whether such claims are capable of being raised in
13 the Wisconsin state court action.  Finally, with regard to the first prong, because
14 the arbitration, and necessarily this petition to confirm the Award from that
15 arbitration, both involve DSD's claims under the Wisconsin Fair Dealership Law –
16 a statute that expressly proclaims the important public policy of protecting dealers
17 – this federal action necessarily raises important state interests.  *See also Mission*
18 *Oaks Mobile Home Park v. City of Hollister*, 989 F.2d 359, 361 (9th Cir. 1993)
19 (affirming trial court's finding that "California has a substantial interest in
20 enforcing and considering the constitutionality of mobilehome park rent control
21 ordinances" and citing, for the following propositions; *Ohio Civil Rights Comm'n*
22 *v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 625-29, 106 S.Ct. 2718, 2721-24,
23 91 L.Ed.2d 512 (1986) (indicating that a wide range of interests qualify as
24 important state interests for purposes of *Younger* abstention); *Fresh Int'l Corp. v.*
25 *Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1358 (9th Cir. 1986) (also
26 indicating that many varied interests satisfy the second prong of the *Younger*
27 analysis).

28       Indeed, a central argument of DSD's petition to partially vacate the Award is

7

that the award violates Wisconsin public policy.

If the Court finds abstention proper under *Younger*, the Court should dismiss rather than stay this action. *See Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697 (1973); *Beltran v. State of Calif.*, 871 F.2d 777, 782 (9th Cir. 1988).

Likewise, abstention is also proper under *Colorado River*, under which federal courts may, in the interest of "wise judicial administration," stay a case where a concurrent state action is pending involving identical issues. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815, 96 S.Ct. 1236, 1245 (1976). "[E]xact parallelism between claims is not required." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Factors to consider include "the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums." *Colorado* River, 424 U.S. at 818 (citations omitted). Other factors include whether state or federal law provides the rule of decision on the merits (*See Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2nd Cir. 1996)), and whether the state proceedings adequately protect the rights of the party seeking federal jurisdiction (*See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26, 103 S.Ct 927, 942 (1983)).

Here, the actions are essentially identical, and the factors support abstention. The actions are essentially identical because they are opposite sides of the same coin: a petition to confirm and a motion to partially vacate the same arbitration award.

The factors also favor abstention. This federal forum would be very inconvenient to DSD because it would be the <u>second</u> time DSD has had to travel to San Diego (after agreeing to arbitrate in San Diego at Hansen's counsel's request). More important, this action would contribute to piecemeal litigation, allowing Hansen to initiate yet another district court action (first in the Central District of California and now in the Southern District of California), while these issues can

1  simply be consolidated into the earlier action in Wisconsin.  Perhaps most
2  important, the core issues raised by DSD's petition for partial vacation are issues
3  necessary for determination under Wisconsin state law – *i.e.* the propriety of the
4  arbitrator's denial of attorneys' fees to DSD after it defeated Hansen's efforts to
5  strip it of "dealer" protection under the WFDL, and the propriety of the arbitrator's
6  denial of DSD's own claims for WFDL violations related to improper change of
7  competitive circumstances and/or termination under the WFDL.  Finally, Hansen
8  cannot complain that it would be disadvantaged from having the Wisconsin judge
9  review this arbitration award where Hansen has already appeared in this Wisconsin
10 action without objecting to that court's jurisdiction and, indeed, requested relief
11 from the Wisconsin court by requesting that court to stay that action and refer
12 DSD's claims to arbitration.

## IV.  CONCLUSION

For the foregoing reasons, DSD respectfully requests this Court dismiss this action with prejudice, or, at a very minimum, stay this action pending final resolution of the parallel and earlier Wisconsin state court action.

                              Respectfully submitted,

Dated: April 16, 2008        FOLEY & LARDNER LLP
                                      LEILA NOURANI
                                      MICHAEL B. MCCOLLUM

                              By:  /s/ Leila Nourani_____
                                   Leila Nourani
                                   Michael B. McCollum

                                   Attorneys for Respondent DSD
                                   DISTRIBUTORS, INC., a Wisconsin
                                   corporation

LACA_1647058.4

# CERTIFICATE OF SERVICE

I Leila Nourani, hereby certify that on April 16, 2008, I caused the following document(s):

**DSD DISTRIBUTORS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY PETITION TO CONFIRM ARBITRATION AWARD**

To be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following party:

Tanya M. Schierling
Solomon Ward Seidenwurm & Smith LLP
401 B. Street, Suite 1200
San Diego, CA  92101

/s/  Leila Nourani
Leila Nourani