# ▨ Nowlan&Mouat LLP

| | |
|---|---|
| JAMES R. CRIPE | JOHN M. WOOD |
| BRUCE R. BRINEY | SARA L. GEHRIG |
| DENNIS L. HANSCH | STEVEN T. CAYA |
| FREDERICK L. WESNER | TIMOTHY H. LINDAU |
| DAVID C. MOORE | JULIE A. LEWIS |
| CAROL J. HATCH | Of Counsel: |
| KAYLA K. HILLER | LARRY W. BARTON |
| | SCOTT F. SHADEL |

April 4, 2008

*via* Hand-Delivery

Eldred Mielke
Clerk of Circuit Court
Rock County Courthouse
51 South Main Street
Janesville, WI 53545

Re: <u>DSD Distributors, Inc. v. Hansen Beverage Company, et al.</u>
Case File No. 07-CV-1120

Dear Mr. Mielke:

Enclosed for filing please find Plaintiff's Notice of Motion and Motion for Partial Vacation of Arbitration Award and Affidavit of Julie Lewis in support of the motion along with the Certificate of Service.

Thank you for your assistance.

Sincerely,

NOWLAN & MOUAT LLP

*Julie Lewis*

Julie A. Lewis

Enclosures
cc:    Counsel of Record

STATE OF WISCONSIN          CIRCUIT COURT          ROCK COUNTY

---

DSD DISTRIBUTORS, INC.,

        Plaintiff,

    vs.

HANSEN BEVERAGE COMPANY,
WISCONSIN DISTRIBUTORS SOUTH, LLC,
and
RIVER CITY DISTRIBUTING CO., INC.,

        Defendants.

Case No.:    07-CV-1120
Arbitration Reference No.:
JAMS 1200039281

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL VACATION OF ARBITRATION AWARD

---

*To:*   Michael Fitzpatrick
     Brennan, Steil & Basting, S.C.
     One East Milwaukee St.
     Janesville, WI 53547-1148

     William Levit, Jr.
     Godfrey & Kahn, S.C.
     780 N. Water Street
     Milwaukee, WI 53202-3512

     William McCardle
     DeWitt, Ross & Stevens, S.C.
     2 E. Mifflin Street
     Madison, WI 53703-2865

     Tanya Schierling
     Solomon, Ward, Seidenwurm & Smith, LLP
     401 B Street, Suite 1200
     San Diego, CA 92101

PLEASE TAKE NOTICE that Plaintiff brings this Motion for Partial Vacation of

Arbitration Award pursuant to Wis. Stat. § 788.10 and Wis. Stat. § 801.63(4) because the

interests of justice require that the Court take further action in this proceeding.

Plaintiff's Motion for Partial Vacation of Arbitration Award will be heard before the

Honorable Kenneth W. Forbeck, Rock County Circuit Court Judge, in his courtroom on a date to

be scheduled by the Court following submission of the Arbitrator's record and briefs by the

parties.

Plaintiff's Motion for Partial Vacation of Arbitration Award is made based on the following grounds:

1.   <u>Factual Background</u> – Plaintiff DSD Distributors, Inc. ("DSD") is a non-alcoholic beverage distributor located in Milton, Wisconsin. *Affidavit of Julie Lewis, ¶ 2.* Defendant Hansen Beverage Company ("Hansen") is a non-alcoholic beverage manufacturer based in Corona, California, whose primary product is Monster-brand beverages. <u>Id</u>. Defendants Wisconsin Distributors, Inc. and River City Distributing Co., Inc. are Anheuser-Busch beverage distributors based, respectively, in Sun Prairie and Watertown, Wisconsin. <u>Id</u>. DSD has been the exclusive Hansen beverage distributor in Rock, Jefferson, part of Dane and part of Dodge counties since 2004. <u>Id</u>. at ¶ 4. Hansen and DSD are parties to a distribution agreement. <u>Id</u>. at *Exhibit A, Hansen Beverage Company Distribution Agreement.* At least 65% of DSD's sales and revenues have been derived from the sale of Hansen products during the term of their distribution agreement. <u>Id</u>. at ¶ 4.

On April 25, 2007, Hansen delivered a 90 day notice of termination to DSD. *Lewis Aff., Exhibit B, Notice of Termination.* On the same day, Hansen sued DSD in federal district court in Los Angeles and filed for arbitration in California. In federal district court, Hansen made two claims – first, Hansen alleged that DSD was distributing competing products and requested an injunction, second, Hansen requested a judicial declaration that "Hansen may enforce Section 19 (Arbitration) of the Agreement for DSD's breaches of the Agreement." <u>Id</u>., *Exhibit C, Hansen Complaint for Injunctive and Declaratory Relief.* Hansen dismissed its claim for injunctive relief on August 7, 2007. The rest of Hansen's federal cause of action was dismissed by the court on April 1, 2008. <u>Id</u>., *Exhibit D, Order of Dismissal.*

Exhibit A

Also on April 25, 2007, Hansen served DSD with a Demand for Arbitration before JAMS/Endispute in San Diego, California. Id. at *Exhibit E, Demand for Arbitration before JAMS*. At arbitration, Hansen sued DSD specifically to terminate DSD's dealership. Hansen made nine claims of breach of contract, one claim of breach of the covenant of good faith, a request for damages and a request for declaratory relief that Hansen was entitled to terminate DSD's dealership "in accordance with" the terms of the Distribution Agreement. Id. Hansen delivered the identical 90 day notice of termination and served and filed the same summons and complaint and arbitration demand on the majority of its other Wisconsin distributors on the same day. *Lewis Aff.,* ¶ 8. DSD later learned that Hansen had, in May 2006, entered into an agreement with Anheuser Busch Incorporated ("AB") in St. Louis, Missouri, for the sale of the national distribution rights to Hansen beverage products. Id. at ¶ 9. Hansen and AB had agreed to transition those rights from local distributors to AB distributors over the following year. Id. The parties attempted, unsuccessfully, to settle Hansen's claims during May, June and early July of 2007. Id. at ¶ 10.

　　2.　　Jurisdiction - On July 20, four days before the stated termination date, DSD filed a petition in Rock County Circuit Court for a temporary restraining order (TRO) and a temporary injunction that would maintain the status quo until a final disposition on the merits was reached and, specifically, enjoining Defendants Wisconsin Distributors and River City Distributing Co. from selling Hansen beverage products in DSD's exclusive territory. *See* Verified Complaint and Request for Declaratory Judgment and Injunctive Relief. DSD also requested a judicial declaration that the WFDL applies in resolving the rights and obligations of the parties under their distribution agreement. Id. The Court granted DSD's TRO request on July 23, 2007. *See* Order and Order to Show Cause dated July 23, 2007. Defendants then filed a motion to vacate

the TRO and to stay or dismiss the proceedings pending arbitration or litigation in another forum. *See* Defendants' Notice of Motion and Motion to Dismiss or Stay This Action Pending Arbitration or Litigation in Another Forum. Defendants' motion was heard on July 31, 2008. *See* Order from Hearing of July 31, 2007. The Court granted the Defendants' motion by dissolving the TRO without prejudice and staying this matter under Sec. 801.63 and 788.02, Wis. Stats. to permit arbitration between the parties. Id.

DSD then brought its declaratory judgment request before the Arbitrator on August 8, 2007. Plaintiff's request for declaratory judgment (captioned as DSD's Motion on Choice of Law) was granted by the Arbitrator on August 30, 2007. By Order of the Arbitrator dated August 30, 2007, the Arbitrator held that Wisconsin law and the Wisconsin Fair Dealership Law (WFDL), Sec. 135.01, et seq., Wis. Stats. applied to the parties if DSD could demonstrate that it is a "dealer" under the WFDL. The Arbitrator also held that DSD could, in the meantime, seek relief provided under the WFDL at arbitration "including damages and injunctive relief." *Lewis Aff., Exhibit F, Decision on Choice of Law Motion.* DSD then filed its Answer, Affirmative Defenses and compulsory WFDL Counterclaims. *Lewis Aff., Exhibit G, DSD's Answer, Affirmative Defenses and Counterclaims.* DSD submitted two counterclaims for violation of the Wisconsin Fair Dealership Law, Sec. 135.03 and 135.04, Wis. Stats. and requested an award of damages and its attorney's fees and costs. Id. Hansen did not submit any responsive pleading to DSD's counterclaims. Id. at ¶13

DSD requests, in this Motion, that the Court partially vacate the Arbitrator's findings and conclusions with respect to DSD's claims under Sec. 135.01 *et seq.*, Wis. Stats. Jurisdiction lies with this Court because DSD's claims under Wisconsin law were originally brought in this Court and were referred to arbitration *at the Defendants' request* under Sec. 788.02 and 801.63(4),

**Exhibit A**

Wis. Stats. The Court stayed this action and retained jurisdiction over the arbitration under both Sec. 788.02 and 801.63. Hansen's action against DSD in federal court has been dismissed. Nothing in the parties' agreement prevents this Court from having jurisdiction, in fact, Section 19 of the parties' distribution agreement provides, "Judgment upon any award rendered may be entered in any court having jurisdiction thereof." *Section 19, Exhibit A.*

  3. <u>Recent Procedural History</u> - The evidentiary hearing was scheduled by the Arbitrator and agreement of the parties for November 1-4, 2007. The hearing was continued to January 21-25, 2008, at Hansen's request to allow Hansen to file a motion for summary judgment on the issue of whether DSD was a "dealer" under Sec. 135.02(2), Wis. Stats. Hansen's motion was denied and the evidentiary hearing was held on January 21-25, 2008, at the JAMS offices in San Diego, California, before the Arbitrator, the Honorable J. Richard Haden (Ret.).

  At the hearing, Hansen presented its evidence on its nine claims for breach of contract, one claim for breach of implied covenant of good faith and fair dealing, a claim for monetary damages and request for declaratory relief asking that Hansen be allowed to terminate the Agreement in accordance with its terms. DSD submitted evidence in response to Hansen's claims and in support of its two counterclaims for violation of the Wisconsin Fair Dealership Law. DSD also requested an award of damages for its WFDL claims of improper notice, substantial change of circumstances, termination without good cause and an award of its attorney's fees.

  By Order dated April 4, 2008, the Arbitrator found:

  a) by implication that DSD did not breach the distributorship agreement,

5
9

b)     by implication that DSD did not breach the implied covenant of good faith and fair dealing,

c)     that Hansen was a "grantor" and DSD was a "dealer" under Sec. 135.02, Wis. Stats, effectively denying Hansen's request for declaratory relief,

d)     by implication that Hansen failed to provide proper notice of termination as required by Sec. 135.04, Wis. Stats., and

d)     that Hansen did not have good cause to terminate DSD's dealership.

*Final Award, Exhibit L, p. 17.*

Hansen sued DSD in California specifically asking to be allowed to terminate the dealership at arbitration. DSD counterclaimed for improper notice, substantial change of circumstances and termination without good cause under the WFDL. Hansen did not make any responsive pleading to DSD's counterclaims. On the third day of the evidentiary hearing, Hansen presented a new claim or affirmative defense stating that, in order to avoid application of the WFDL, it would no longer seek to terminate the dealership. *Lewis Affidavit, ¶ 15.* On January 24, 2007, during the hearing, Hansen's CEO testified that if DSD was adjudicated a dealer, Hansen would not terminate the dealership. Id.

At the hearing and in post-hearing objections and briefing, DSD objected to this last minute claim or affirmative defense as improper, in violation of the WFDL and in violation of JAMS Comprehensive Rule 9(d) and the parties' distribution agreement. Id. at ¶ 16, *Exhibits H, I and J.* DSD also argued that if the agreement was not actually terminated, it had been constructively terminated as of July 24, 2007, the termination date Hansen provided in the Notice of Termination. Id. DSD argued that Hansen had demonstrated its intent to terminate the dealership and that by awarding the distribution rights to some Hansen products to a competing

distributor after delivering the notice of termination, Hansen had substantially changed the terms

of the dealership and, therefore, DSD's Hansen dealership had been constructively terminated.

Id. Hansen did not submit any substantive objections. Id. at Ex. K.

The Arbitrator found:

a)      that Hansen preserved the status quo of the Agreement during the pendency of the

        arbitration,

b)      that there had been no termination or constructive termination, and

c)      that DSD was not entitled to damages.

*Final Award, p. 17-18.*

The Arbitrator also ruled that because each party had prevailed on equally important

issues, no award of fees or costs would be made. *Id.*

4.      Request for Partial Vacation of Award – Plaintiff moves the Court to vacate the

Arbitration Award and find as follows:

a)      Vacate the finding that there has been no actual or constructive termination of the

dealership and find that the dealership was actually or constructively terminated as of July 24,

2007, the termination date provided in the Notice of Termination.

b)      Vacate the finding that DSD is not entitled to damages for substantial change of

circumstances or termination of the dealership without good cause as provided in Sec. 135.03,

Wis. Stats. and award damages in accordance with the unrebutted evidence provided by the

Plaintiff's expert witness at the arbitration hearing on this matter less amounts received by DSD

as mitigation during the pendency of this arbitration.

c)      Vacate the finding that each party has prevailed on equally important issues and

denying an award of attorney's fees and costs to the Plaintiff and award to the Plaintiff, as

prevailing party in the matter, its fees and costs pursuant to the parties' distribution agreement and Sec. 135.06, Wis. Stats.

5.    <u>Grounds for the Motion</u> – This motion is made pursuant to Sec. 788.10(1), 801.63(4) and 135.06, Wis. Stats. The Arbitrator's findings and conclusions submitted for vacation by this motion were made in manifest disregard of the law and the public policy of the State of Wisconsin. The Arbitrator's assumptions as to the Wisconsin Fair Dealership Law are not sustained by substantial authority and they conflict with governing law. Furthermore, they were made in disregard of the rules under which the parties were proceeding, by contract, at arbitration, specifically, Rule 9(d) of the JAMS Comprehensive Arbitration Rules & Procedures. To the extent the award was based on Hansen's claim or affirmative defense, asserted only at the arbitration hearing, that it would not terminate the agreement if the WFDL was found to apply, any finding that Hansen preserved the status quo during the pendency of the proceeding and that the agreement was not actually or constructively terminated is contrary to law and to the parties' agreement. The parties' agreement specifically adopted the JAMS Comprehensive Arbitration Rules & Procedures, Rule 9(d) which precludes consideration of all claims, remedies, counterclaims or affirmative defenses absent prior notice to the other parties. Such findings and conclusions exceed the arbitrator's authority as defined by the parties' agreement and must be vacated as a result.

Exhibit A

Plaintiff makes this Motion based on the record to be submitted herein. Following the Court's receipt of the Arbitrator's record and transcripts of the proceedings, Plaintiff asks the Court to set a hearing date for the motion and a briefing schedule for the parties without delay.

Dated this 4th day of April, 2008

By: _____

Julie A. Lewis *State Bar No. 1048367*

NOWLAN & MOUAT LLP
100 S. Main Street
P.O. Box 8100
Janesville, WI 53547-8100
(608) 755-8100/phone
(608) 755-8110/facsimile
jlewis@nowlan.com

Attorneys for the Plaintiff

9

Exhibit A

STATE OF WISCONSIN          CIRCUIT COURT          ROCK COUNTY

DSD DISTRIBUTORS, INC.,

        Plaintiff,

   vs.

HANSEN BEVERAGE COMPANY,
WISCONSIN DISTRIBUTORS SOUTH, LLC,
and
RIVER CITY DISTRIBUTING CO., INC.,

        Defendants.

Case No.:     07-CV-1120
Arbitration Reference No.:
JAMS 1200039281

---

## AFFIDAVIT OF JULIE LEWIS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL VACATION OF ARBITRATION AWARD

STATE OF WISCONSIN    )
              ) ss.
COUNTY OF ROCK       )

Julie Lewis, being first duly sworn, on oath, deposes and states as follows:

1.    I am an attorney with the law firm of Nowlan & Mouat, LLP which represents the Plaintiff DSD Distributors, Inc. in this matter.

2.    I make this Affidavit, based on my personal knowledge, in support of Plaintiff's Motion for Partial Vacation of Arbitration Award.

3.    Plaintiff DSD Distributors, Inc. ("DSD") is a non-alcoholic beverage distributor located in Milton, Wisconsin. Defendant Hansen Beverage Company ("Hansen") is a non-alcoholic beverage manufacturer based in Corona, California, whose primary product is Monster-brand beverages. Defendants Wisconsin Distributors, Inc. and River City Distributing Co., Inc. are Anheuser-Busch beverage distributors based, respectively, in Sun Prairie and Watertown, Wisconsin.

1

Exhibit A

4.    DSD has been the exclusive Hansen beverage distributor in Rock, Jefferson, part of Dane and part of Dodge counties since 2004.  Attached hereto as Exhibit A is a true and correct copy of the Hansen Beverage Company Distribution Agreement with DSD dated December 2004.  At least 65% of DSD's sales and revenues have been derived from the sale of Hansen products during the term of their distribution agreement.

5.    Attached hereto as Exhibit B is a true and correct copy of the Notice of Termination dated April 25, 2007.

6.    Attached hereto as Exhibit C is a true and correct copy of  Hansen's Complaint for Injunctive and Declaratory Relief.  Hansen's federal cause of action was dismissed on April 1, 2008.  Attached hereto as Exhibit D is a true and correct copy of the Order of Dismissal entered on April 1, 2008, by the Honorable Florence Marie-Cooper.

7.    Also on April 25, 2007, Hansen served DSD with a Demand for Arbitration before JAMS/Endispute in San Diego, California.  Attached hereto as Exhibit E is a true and correct copy of Hansen's Demand for Arbitration before JAMS.

8.    Hansen delivered the identical 90 day notice of termination and served and filed the same summons and complaint and arbitration demand on the majority of its other Wisconsin distributors on the same day.

9.    DSD later learned that Hansen had, in May 2006, entered into an agreement with Anheuser Busch Incorporated ("AB") in St. Louis, Missouri, for the sale of the national distribution rights to Hansen beverage products and that Hansen and AB had agreed to transition those rights from local distributors to AB distributors over the following year.

10.    The parties attempted, unsuccessfully, to settle Hansen's claims during May, June and early July of 2007.

2

Exhibit A

11.    Attached hereto as Exhibit F is a true and correct copy of the Arbitrator's
Decision on Choice of Law Motion.

12.    Attached hereto as Exhibit G is a true and correct copy of DSD's Answer,
Affirmative Defenses and Counterclaims.

13.    Hansen did not submit any responsive pleading to DSD's counterclaims.

14.    The evidentiary hearing was scheduled by the Arbitrator and agreement of the
parties on November 1-4, 2007. The hearing was continued to January 21-25, 2008, at
Hansen's request to allow Hansen to file a motion for summary judgment on the issue of
whether DSD was a "dealer" under Sec. 135.02(2), Wis. Stats. Hansen's motion was
denied and the evidentiary hearing was held on January 21- 25, 2008, at the JAMS offices
in San Diego, California.

15.    At the  hearing, Hansen presented a new claim or affirmative defense stating that,
in order to avoid application of the WFDL, it would no longer seek to terminate the
dealership.   On January 24, 2007, Hansen's CEO testified that if DSD was adjudicated a
dealer, Hansen would not terminate the dealership.

16.    DSD objected to this last minute claim or affirmative defense at the hearing and
during post-hearing briefing and objections as improper, in violation of the WFDL and in
violation of JAMS Comprehensive Rule 9(d) and the parties' distribution agreement.
Attached hereto as Exhibit H are true and correct copies of the JAMS Comprehensive
Arbitration Rules & Procedures.

17.    DSD also argued in its objections and post-hearing briefing that if the agreement
was not actually terminated, it had been constructively terminated as of July 24, 2007, the
termination date Hansen provided in the Notice of Termination. DSD argued that Hansen

had demonstrated its intent to terminate the dealership and that by awarding the

distribution rights to some Hansen products to a competing distributor after delivering the

notice of termination, Hansen had substantially changed the terms of the dealership and

DSD's Hansen dealership had been constructively terminated. Attached hereto as

Exhibits I and J are true and correct copies of DSD's Objections to Interim Award and

Request for Hearing and DSD's Response to Hansen's Objections and Requested

Corrections.

18.    Hansen did not make any substantive objections to the Interim Award. Attached

hereto as Exhibit K is a true and correct copy of Hansen's Objections and Requested

Corrections to the Interim Award.

19.    Attached hereto as Exhibit L is a true and correct copy of the Final Award in

JAMS Reference No. 1200039281.


I have read the above affidavit consisting of 19 paragraphs and swear that the statements made

therein are true and correct to the best of my personal knowledge.

_____
Julie Lewis

Subscribed and sworn to before me
this 4th day of April, 2008.

_____
Notary Public, State of Wisconsin
My commission expires 12-20-2009.

4

17

**Exhibit A**

STATE OF WISCONSIN          CIRCUIT COURT          ROCK COUNTY

---

DSD DISTRIBUTORS, INC.,
*a Wisconsin corporation,*
                          Plaintiff,

    vs.

HANSEN BEVERAGE COMPANY,                Case No.:    07-CV-1120
*a California corporation,*
WISCONSIN DISTRIBUTORS SOUTH, LLC,
*a Wisconsin corporation,* and
RIVER CITY DISTRIBUTING CO., INC.,
*a Wisconsin corporation,*
                          Defendants.

---

CERTIFICATE OF SERVICE

---

STATE OF WISCONSIN    )
                   : ss
COUNTY OF ROCK        )

    Wendy Schneider, being first duly sworn on oath deposes and states that on the 4th day of April, 2008, a true and correct copy of the following documents:

- Plaintiff's Notice of Motion and Motion for Partial Vacation of Arbitration Award
- Affidavit of Julie Lewis

were served by facsimile and U.S. Mail on:

Tanya Schierling
Solomon Ward Seidenwurm & Smith, LLP
401 B Street Ste 1200
San Diego CA 92101

Attorney Michael R Fitzpatrick
Brennan Steil & Basting S C
P O Box 1148
Janesville WI 53547-1148

Attorney William H. Levit, Jr.
Godfrey & Kahn, S.C.
780 North Water Street
Milwaukee, WI 53202-3590

Attorney William E McCardell
DeWitt Ross & Stevens S C
Capitol Square Office
Two E Mifflin St Ste 600
Madison WI 53703-2865

**Exhibit A**

DATED this 4th day of April, 2008.

*Wendy Schneider*
Wendy Schneider

Subscribed and sworn to before me
this 4th day of April, 2008.

*Teresa L. Draps*
Notary Public, Rock County, WI
My Commission expires: _11-20-2011_ .

Exhibit A



Wells Fargo Plaza
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
Facsimile (619) 231-4755
www.swsslaw.com

Norman L. Smith, Partner
nsmith@swsslaw.com

April 25, 2007

**VIA FEDEX**

Steven R. Bysted, President
DSD Distributors, Inc.
607 South Arch Street
Janesville, WI 53458

Re:  *Distribution Agreement ("Distribution Agreement") dated as of December 1, 2004 between Hansen Beverage Company ("HBC") and DSD Distributors, Inc. ("Distributor"). Capitalized terms used in this letter shall have the meaning ascribed to such terms in the Distribution Agreement*

Dear Mr. Bysted:

This firm represents HBC with respect to the Distribution Agreement. HBC has instructed us to give Distributor notice of numerous, repeated and/or continuing breaches by Distributor of its express obligations under the Distribution Agreement as more fully set forth below. The following description of Distributor's breaches is not intended to be exhaustive but includes without limitation the following:

1.  Distributor has, in the past, and currently continues, to sell, market and/or distribute products likely to compete with or be confused with the Products, in violation of Section 22 of the Distribution Agreement;

2.  Distributor has continuously violated Section 3(a) by failing to vigorously and diligently promote the wide distribution and sale of Products within the Territory to the reasonable satisfaction of HBC;

3.  Distributor has violated Section 3(b) by failing to secure extensive in-store merchandising and optimal shelf spacing to the reasonable satisfaction of HBC;

4.  Distributor has violated Section 3(c) by failing to fully implement and execute the annual marketing plans and achieving and maintaining where appropriate all of the objectives set forth therein;

5.  Distributor has violated Section 3(e) by failing to achieve and maintain the agreed upon distribution levels;



**EXHIBIT**
B
Pl. Motion to
Vacate

20

**Exhibit A**

April 25, 2007
Page 2

6.   Distributor has violated Section 10 by failing to aggressively distribute and encourage the utilization of merchandising aids and promotional materials and has failed to participate in and diligently implement all marketing and promotional programs and campaigns; and

7.   Distributor has violated Section 3(f) by failing to provide HBC on or before the tenth day of each calendar month with a schedule showing for the previous month (i) sales by flavor and package, (ii) number of new accounts opened, and (iii) aggregate number of active accounts.

Although we do not believe the Wisconsin Fair Dealership Act applies to the Distribution Agreement, HBC is willing to provide Distributor with sixty (60) days to cure and remedy the foregoing breaches. If the foregoing breaches are not cured and remedied within sixty (60) days of Distributor's receipt of this letter, HBC intends to terminate the Distribution Agreement for good cause ninety (90) days from the date of this notice. In such event, Distributor will not be entitled to receive any severance payment in accordance with Section 11 (e) of the Distribution Agreement because any severance payment is conditional upon HBC terminating the Distribution Agreement without cause and Distributor not being in breach of the Distribution Agreement.

This correspondence also serves as notice that HBC has initiated arbitration proceedings (the "Arbitration") in accordance with the Arbitration Clause in Section 19 of the Distribution Agreement. HBC has also filed a complaint in the United States District Court, Central District of California, Santa Ana Division, for declaratory and injunctive relief. A courtesy copy of the Demand for Arbitration and the complaint is enclosed. HBC intends to fully honor and perform all its obligations under the Distribution Agreement until the Arbitration has been adjudicated or the Agreement is terminated due to Distributor's failure to cure and remedy the breaches referred to above within the applicable period. HBC expects that Distributor will likewise continue to fully honor and perform all its obligations under the Distribution Agreement until it is terminated.

While not obligated to do so, HBC would like to preserve an amicable relationship with Distributor and is therefore willing to negotiate a reasonable severance payment to avoid the unpleasantness of proceedings terminating the Distribution Agreement for cause and the loss by Distributor of the entire severance payment. If HBC and Distributor conduct any discussions or negotiations, such discussions and negotiations shall not affect this notice of breach and Distributor's obligations to cure and remedy such breaches, or the validity and enforceability of the Distribution Agreement unless and until a mutually acceptable settlement agreement has been executed by both HBC and Distributor. In addition, any such discussions or negotiations will be without prejudice to HBC's notice of breach and Distributor's obligation to cure and remedy such breaches within the applicable period. No discussions or negotiations between HBC and Distributor shall constitute or be construed as

April 25, 2007
Page 3

an express or implied termination of the Distribution Agreement, which shall remain of full force and effect unless and until terminated (a) in accordance with adjudication of the Arbitration, (b) by written notice by HBC if Distributor fails to cure and remedy the foregoing breaches, or (c) under the terms of a written settlement agreement executed by HBC and Distributor.

Very truly yours,

Norman L. Smith
Solomon Ward Seidenwurm & Smith, LLP

NLS/ldk:mxr
P:303988.4:07565.084

TOTAL P.04

22                                                              Exhibit A

 

AD 440 (Rev. 8/01)  Summons in a Civil A

# United States District Court

## Central District of California

HANSEN BEVERAGE COMPANY, a California
corporation

**SUMMONS IN A CIVIL CASE**

v.

**CASE NUMBER:**

DSD DISTRIBUTORS, INC., a Wisconsin
corporation

CV07-2712 FMC(JWJx)

TO: (Name and address of Defendant)
DSD DISTRIBUTORS, INC.
607 South Arch Street
Janesville, WI  53458

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Norman L. Smith, Esq. (SBN 106344)
Tanya M. Schierling, Esq. (SBN 206984)
Christina M. Milligan, Esq. (SBN 231655)
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Telephone: (619) 231-0303; Facsimile: (619) 231-4755

an answer to the complaint which is served on you with this summons, within    twenty (20).          days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be
filed with the Clerk of this Court within a reasonable period of time after service.

APR 25 2007

SHERRI R. CARTER

CLERK

DATE

_Dana Johnson_

bY DEPUTY CLERK

**EXHIBIT**
C
Pl Motion to
Vacate

22

AD-440

**Exhibit A**

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                          Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Exhibit A

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I(a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HANSEN BEVERAGE COMPANY, a California corporation

**DEFENDANTS**
DSD DISTRIBUTORS, INC., a Wisconsin corporation

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Riverside County, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Rock County, Wisconsin

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Norman L. Smith
Solomon Ward Seidenwurm & Smith LLP
401 B Street, Suite 1200
San Diego, California  92101
(619) 231-0303

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000 plus

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory relief (Declaratory Judgment Act 28 USC 2201) and injunctive relief.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litig.
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CIVIL COVER SHEET

CV-71 (07/05)

Page 1 of 2
CCD-JS44

Exhibit A

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or
                               [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above
                                      in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.
Hansen Beverage Company - Riverside County, California

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
[ ] Check here if the U.S. government, its agencies or employees is a named defendant.
DSD Distributors, Inc. - Wisconsin

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Orange County, California

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Christina M. Milligan_    Date 4/24/07
                                        Christina M. Milligan

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                                         CIVIL COVER SHEET                                         Page 2 of 2

EXHIBIT A

B\

1   NORMAN L. SMITH [SBN 106344]
    nsmith@swsslaw.com
2   TANYA M. SCHIERLING [SBN 206984]
    tschierling@swsslaw.com
3   CHRISTINA M. MILLIGAN [SBN 231655]
    cmilligan@swsslaw.com
4   SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
5   San Diego, California 92101
    Telephone: (619) 231-0303
6   Facsimile: (619) 231-4755

7   Attorneys for Hansen Beverage Company

8

9                   UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

11                                          CV07-2712 FMC(JWJx)

12   HANSEN BEVERAGE COMPANY, a       CASE NO.
     California corporation,
13                                    CERTIFICATE OF INTERESTED
                                      PARTIES
          Plaintiff,
14                                    [Local Civil Rule 7.1-1]

15   v.

     DSD DISTRIBUTORS, INC., a
16   Wisconsin corporation,

17        Defendant.

18

19        Pursuant to Local Rule 7.1-1, plaintiff Hansen Beverage Company

20   certifies that the following listed persons, associations of persons, firms,

21   partnerships, corporations (including parent corporations) or other entities (i)

22   have a financial interest in the subject matter in controversy or in a party to the

23   proceeding, or (ii) have a non-financial interest in that subject matter or in a

24   party that could be substantially affected by the outcome of this proceeding:

25        Hansen Beverage Company is a wholly-owned subsidiary of Hansen

26   Natural Corporation.  Hansen Natural Corporation is a publicly traded

27   company on the NASDAQ Stock Exchange which trades under the symbol

28   "HANS."

P:305531.1:07565.084

CERTIFICATE OF INTERESTED PARTIES

The undersigned is not aware of any publicly held corporation that owns ten percent or more of Hansen Natural Corporation's stock.

According to Hansen Natural Corporation's most recent 10-K filing with the Securities and Exchange Commission, the following individuals and entities own 1% or more of Hansen's Common Stock:

| Name | Percentage |
|------|------------|
| Brandon Limited Partnership No. 2 | 10.2% |
| Hilrod Holdings L.P. | 6.0% |
| Rodney C. Sacks | 21.2% |
| Hilton H. Schlosberg | 20.9% |
| Kevin Douglas, Douglas Family Trust and James Douglas and Jean Douglas Irrevocable Descendants' Trust | 5.1% |
| Fidelity Low Priced Stock Fund | 13.2% |
| Brandon Limited Partnership No. 1 | 1.4% |
| HRS Holdings, L.P. | 1.1% |

According to Hansen Natural Corporation's most recent 10-K filing with the Securities and Exchange Commission, the following comprise Hansen's directors and officers:

| Name | Position |
|------|----------|
| Rodney C. Sacks | Chairman of the Board of Directors and CEO |
| Hilton H. Schlosberg | Vice Chairman of the Board Directors, CFO, COO, and Corporate Secretary |
| Benjamin M. Polk | Director |
| Norman C. Epstein | Director |
| Sydney Selati | Director |
| Harold C. Taber, Jr. | Director |
| Mark S. Vidergauz | Director |
| Mark Hall | President, Monster Beverage Division |

CERTIFICATE OF INTERESTED PARTIES

| Michael B. Schott | Senior Vice President, National Sales, Monster Beverage Division |
| Kirk Blower | Vice President, Non-Carbonated Products, HBC |
| Thomas J. Kelly | Vice President - Finance and Secretary, HBC |

According to Hansen Natural Corporation's most recent 10-K filing with the Securities and Exchange Commission, following are the directors and officers of Hansen's who own less than 1% of Common Stock as of February 10, 2006:

| Mark J. Hall |
| Michael Schott |
| Kirk Blower |
| Thomas J. Kelly |
| Sydney Selati |
| Norman Epstein |
| Harold Taber |
| Benjamin M. Polk |
| Mark Vidergauz |

DATED: April 24, 2007

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
NORMAN L. SMITH
TANYA M. SCHIERLING
CHRISTINA M. MILLIGAN
Attorneys for Hansen Beverage Company

CERTIFICATE OF INTERESTED PARTIES

Exhibit A

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. § 1332 because this is a dispute between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    Venue in this District is proper under 28 U.S.C. § 1391 because the contract at issue calls for substantial performance in this District, specifically, the contract requires arbitration in Orange County, California. Additionally, Defendant DSD entered into the contract on which this action is based in the State of California, has minimum contacts with the California, and is subject to personal jurisdiction in California.

## MATERIAL FACTS

5.    On or about December 15, 2004, Hansen and DSD entered into a Distribution Agreement (the "Agreement"), a true and correct copy of which is attached here as Exhibit "A" and is incorporated into this Complaint.

6.    Pursuant to the Agreement, Hansen appointed DSD as exclusive distributor of Hansen products (the "Products") within a defined territory (the "Territory").  Exhibit A, Agreement, Section 2.

7.    The Agreement imposes the certain duties and restrictions on DSD including, without limitation, that DSD shall not sell, market or distribute any products likely to compete with or be confused with any of the Products during the term of the Agreement (Exhibit A, Agreement, Section 22).

8.    DSD has breached the Agreement by, inter alia, selling, marketing and/or distributing products likely to compete with or be confused with the Products.

9.    DSD's sale, marketing, and distribution of competing products threatens substantial irreparable harm to Hansen, and Hansen therefore seeks an injunction prohibiting such activity at least until disputes between the parties are resolved through arbitration in accordance with the Agreement.

1      10.   Section 19 of the Agreement provides that all disputes,

2  controversies or claims arising out of or relating to the Agreement or its breach

3  or termination ~~shall be settled by binding arbitration~~. (Exhibit A, Agreement,

4  Section 19).

5  <u>FIRST CLAIM FOR RELIEF</u>

6  (Injunctive Relief)

7      11.   Hansen re-alleges and incorporates paragraphs 1 through 10,

8  above.

9      12.   Until all disputes, controversies or claims arising out of or relating

10 to the Agreement can be resolved through arbitration in accordance with the

11 Agreement, ~~DSD should be enjoined from selling, marketing and/or~~

12 ~~distributing products likely to compete with or be confused with the Products~~,

13 in violation of the Agreement.

14     13.   ~~Hansen will suffer extreme and irreparable injury~~ in the event that

15 an injunction is not issued at this time because DSD continues to breach the

16 Agreement by, *inter alia*, selling, marketing and/or distributing products likely

17 to compete with or be confused with the Products, in violation of the

18 Agreement and with great harm and detriment to Hansen.

19 <u>SECOND CLAIM FOR RELIEF</u>

20 (Declaratory Relief)

21     14.   Hansen re-alleges and incorporates paragraphs 1 through 13

22 above.

23     15.   Based on discussions between representatives of Hansen and

24 representatives of DSD, Hansen is informed and believes, and on that basis

25 alleges, that ~~DSD intends to rely on the Wisconsin Fair Dealership Law~~ and/or

26 other arguments, in an attempt to avoid or circumvent its obligations under the

27 arbitration and other provisions in the Agreement.

28 ///

16.    Therefore, an actual controversy has arisen and now exists between Hansen, on the one hand, and DSD, on the other, concerning Hansen's right to enforce the arbitration provision in the Agreement.  Hansen contends the arbitration provision is binding, valid, and enforceable.  Hansen is informed and believes, and on that basis alleges, that DSD contends the arbitration provision is not binding, valid, or enforceable.

17.    Hansen desires a judicial declaration that Hansen may enforce Section 19 (Arbitration) of the Agreement for DSD's breaches of the Agreement.

18.    A judicial declaration is necessary and appropriate at this time under the circumstances so that the parties to this action may ascertain their rights and duties under the Agreement through arbitration in California.  The facts have sufficiently crystallized to permit an intelligent and useful decision to be made, and the issues are fit for a judicial determination.

19.    The amount of the dispute is subject to proof, but is estimated to exceed $75,000, exclusive of interest and costs.

## PRAYER

Hansen prays that the Court enter judgment in Hansen's favor and against DSD, as follows:

FIRST CLAIM FOR RELIEF:

A temporary, preliminary and permanent injunction for relief enjoining DSD and all those acting by, through or under DSD, from selling, marketing and/or distributing products likely to compete with or be confused with the Products, in violation of the Agreement, at least until all disputes, controversies or claims arising out of or relating to the Agreement can be resolved through arbitration pursuant to the Agreement.

///

///

1   SECOND CLAIM FOR RELIEF:

2     A judicial declaration that the Arbitration clause in the Agreement is

3 binding, valid, and enforceable with respect to determining the parties' rights

4 and obligations under the Agreement.

5     ALL CLAIMS FOR RELIEF:

6     1.   For costs incurred in this action;

7     2.   For reasonable attorneys' fees incurred in this action;

8     3.   For expert witness fees and costs incurred in this action; and

9     4.   For such other and further relief as the Court deems just and

10 proper.

11

12 DATED: April 24, 2007     SOLOMON WARD SEIDENWURM &
    SMITH, LLP

13

14     By: _____

15     NORMAN L. SMITH
    TANYA M. SCHIERLING

16     CHRISTINA M. MILLIGAN
    Attorneys for HANSEN BEVERAGE

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A



**JAMS**

THE RESOLUTION EXPERTS®

# Demand for Arbitration Before JAMS

## TO RESPONDENT: DSD Distributors, Inc.
<span style="font-size:smaller">(Name of the Party on whom Demand for Arbitration is made)</span>

(Address)   607 South Arch Street

(City)  Janesville          (State)  WI          (Zip)   53458

(Telephone)          (Fax)          (E-Mail)

Representative/Attorney (if known): Steven Bysted
<span style="font-size:smaller">(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)</span>

(Address)

(City)          (State)          (Zip)

(Telephone)          (Fax)          (E-Mail)

## FROM CLAIMANT (Name): Hansen Beverage Company

(Address)   1010 Railroad Street

(City)  Corona          (State)  CA          (Zip)  92882

(Telephone)          (Fax)          (E-Mail)

Representative/Attorney of Claimant (if known): Norman Smith, Esq.
<span style="font-size:smaller">(Name of the Representative/Attorney for the Party Demanding Arbitration)</span>

(Address)   401 B Street, Suite 1200

(City)  San Diego          (State)  CA          (Zip)  92101

(Telephone)  619-231-0303   (Fax)  619-231-4755   (E-Mail)  nsmith@swsslaw.com

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached):

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement).

Effective 01/01/2007
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2006 JAMS. All rights reserved.



**EXHIBIT**
**E**
P1 Motion to
Vacate
**Exhibit A**



THE RESOLUTION EXPERTS®

# Demand for Arbitration Before JAMS

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable):

See Attachment to Demand for Arbitration

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

## REQUEST FOR HEARING

JAMS is requested to set this matter for hearing at:___Orange County, CA___
(Preferred Hearing Location)

Signed (Claimant):  _____ for    Date: 4/25/07
(may be signed by an attorney)

Print Name:   Norman Smith, Esq.

Please include a check payable to JAMS for the required initial, non-refundable $400 per party deposit to be applied toward your Case Management Fee and submit to your local JAMS Resolution Center.

Effective 01/01/2007
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2006 JAMS. All rights reserved.
                                                                    Exhibit A



THE RESOLUTION EXPERTS'

# Demand for Arbitration Before JAMS

## COMPLETION OF THIS SECTION IS REQUIRED FOR CLAIMS INITIATED IN CALIFORNIA

A. Please check here if this ☐ IS or ☒ IS NOT a CONSUMER ARBITRATION as defined by California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e):

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below. "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

    1)    The contract is with a consumer party, as defined in these standards;

    2)    The contract was drafted by or on behalf of the non-consumer party; and

    3)    The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

    1)    An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;

    2)    An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;

    3)    An individual with a medical malpractice claim that is subject to the arbitration agreement; or

    4)    An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.

B. If this is an EMPLOYMENT matter, Claimant must complete the following information:

Effective January 1, 2003, private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format. In employment cases, this includes the amount of the employee's annual wage. The employee's name will not appear in the database, but the employer's name will be published. Please check the applicable box below:

Annual Salary:

    ☐ Less than $100,000            ☐ More than $250,000

    ☐ $100,000 to $250,000        ☐ Decline to State

C. Consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees. In those cases, the respondent must pay 100% of the fees. Consumers must



THE RESOLUTION EXPERTS

# Demand for Arbitration Before JAMS

submit a declaration under oath stating the consumer's monthly income and the number of persons living in his or her household. Please contact JAMS at 1-800-352-5267 for further information.



THE RESOLUTION EXPERTS

# Demand for Arbitration Before JAMS

## Instructions for Submittal of Arbitration to JAMS

**Demand for Arbitration Based on Pre-Dispute Provision**

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS:

A. Two (2) copies of the Demand for Arbitration

B. Proof of service of the Demand on the appropriate party
   E.g., copy of certified mail receipt signed by recipient or sworn statement of service by a non-party over 18 years of age.

C. Two (2) copies of the entire contract containing the arbitration clause

D. Initial non-refundable $400 Case Management Fee (CMF) per party
   Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMFs. In lengthier, more complex cases additional CMF may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

## OR

**Arbitration Based on Post-Dispute Fully Executed Arbitration Agreement, Oral Stipulation or Court Order Compelling Arbitration**

Whether or not a certain arbitrator has been designated, if the parties have agreed to arbitrate at JAMS or the court has ordered that the parties arbitrate at JAMS, kindly forward the following items:

A. Two (2) copies of Executed Arbitration Agreement OR Court Order appointing arbitrator/JAMS
   Please contact JAMS to obtain the appropriate form (e.g., Arbitration Agreement)

B. Two (2) copies of the entire contract, if any, containing an applicable arbitration clause

C. Initial non-refundable $400 Case Management Fee (CMF) per party
   Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMFs. In lengthier, more complex cases additional CMF may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

**Please submit to your local JAMS Resolution Center.**

Once the above items are received, JAMS will contact all parties to commence the arbitration process, including the appointment of an arbitrator and scheduling of a hearing date.

*Hansen Beverage Company v. DSD Distributors, Inc.*

# ATTACHMENT TO
## IAMS DEMAND FOR ARBITRATION

## NATURE OF DISPUTE

Effective December 1, 2004, Claimant Hansen Beverage Company ("Hansen") and Respondent DSD Distributors, Inc. ("Distributor") executed a written Hansen Beverage Company Distribution Agreement (the "Agreement"). Pursuant to the Agreement, Hansen appointed Distributor as exclusive distributor of Hansen products (the "Products") within a defined territory (the "Territory").

Distributor has repeatedly breached the Agreement in numerous respects including, but not limited to, by:

(a) Failing vigorously and diligently to promote and achieve the wide distribution and sale of Products to accounts within the Territory to Hansen's reasonable satisfaction, in violation of Section 3(a) of the Agreement;

(b) Failing to secure extensive in-store merchandising and optimal shelf positioning with respect to the Products for accounts within the Territory to Hansen's reasonable satisfaction, in violation of Section 3(b) of the Agreement;

(c) Failing fully to implement and execute the annual marketing plans and to achieve and maintain where appropriate the objectives set forth in those plans, in violation of Section 3(d) of the Agreement;

(d) Failing to achieve and maintain the agreed-upon distribution levels relating the Products, in violation of Section 3(e) of the Agreement;

(e) Failing to provide Hansen with a monthly schedule showing for the previous month (i) sales by flavor and package, (ii) number of new accounts opened, and (iii) aggregate number of active accounts, in violation of Section 3(f) of the Agreement;

(f) Failing promptly to pay the prices of Products per the payment terms set forth in Hansen's invoices, in violation of Section 6 of the Agreement;

(g) Failing to aggressively distribute and encourage the utilization of merchandising aids and promotional materials in outlets throughout the Territory and failing to participate in and diligently implement all marketing and promotional programs and campaigns, in violation of Section 10 of the Agreement;

(h) Failing timely to propose, and agree with Hansen on, an annual marketing plan, including sales and other objectives and minimum distribution levels to be achieved and maintained by New Age in the forthcoming term of the Agreement, in violation of Section 13 of the Agreement; and

*Hansen Beverage Company v. DSD Distributors, Inc.*

(i) Selling, marketing and/or distributing products likely to compete with or be confused with the Products, in violation of Section 22 of the Agreement.

Distributor's breaches have caused Hansen to lose substantial sales and sales revenues.

## CLAIMS AND RELIEF SOUGHT

Hansen seeks damages in an amount to be proven at Arbitration for breach of contract and breach of implied covenant of good faith and fair dealing. Additionally, Hansen seeks declaratory relief, specifically, a determination that: (a) the Wisconsin Fair Dealership Law does not apply to the parties' business relationship; (b) the Agreement's Arbitration provision, Section 19, is enforceable; and (c) Hansen is entitled to terminate the Agreement in accordance with its terms. Hansen also seeks consequential damages, interest, and arbitration costs, to include attorneys' fees in accordance with Section 19 of the Agreement.