**NOWLAN & MOUAT, LLP**
JULIE A. LEWIS (PRO HAC VICE APPLICATION PENDING)
JLEWIS@NOWLAN.COM
100 SOUTH MAIN STREET
P.O. BOX 8100
JANESVILLE, WI 53547-8100
Tel. (608) 755-8100
Fax (608) 755-8110
Attorneys for Respondent DSD DISTRIBUTORS, INC.

**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:  213.486.0065

LEILA NOURANI, CA BAR NO. 163336
LNOURANI@FOLEY.COM
MICHAEL B. MCCOLLUM, CA BAR NO. 235447
MMCCOLLUM@FOLEY.COM
Attorneys for Respondents DSD DISTRIBUTORS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation<br><br>Petitioner,<br><br>vs.<br><br>DSD DISTRIBUTORS, INC., a Wisconsin corporation<br><br>Respondent. | Case No: 08 CV 0619 LAB RBB<br><br>**DSD DISTRIBUTORS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR STAY PETITION TO CONFIRM ARBITRATION AWARD; REQUEST FOR ORAL ARGUMENT AND TELEPHONIC APPEARANCE**<br><br>Judge: Hon. Larry A. Burns<br>Hearing Date: June 9, 2008 (Reserved)<br>Time: 11:15 a.m. |

## REQUEST FOR ORAL ARGUMENT
## AND TELEPHONIC APPEARANCE

Pursuant to Local Rule 7 and Rules 4f and 4g of the Court's Standing Order, Respondent and moving party DSD Distributors, Inc. respectfully requests an oral argument on this motion and further requests permission to appear telephonically at such oral argument.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................. 2

    A. Abstention is required under the *M&A Gabee* tests for *Younger* absention. ................................................................................................. 2

    B. The *Theis Research, Inc. v. Brown & Bain* decision does not apply nor does the arbitration award's "declaratory relief" satisfy the requirement for jurisdiction. ............................................................... 4

    C. The law of the case is Wisconsin state law supplanting California state law .................................................................................................. 7

III. CONCLUSION .............................................................................................. 7

i

# TABLE OF AUTHORITIES

**CASES**

*Huffman v. Pursue, Ltd.*,
　420 U.S. 592 (1975) .................................................................................................. 4

*Loy v. Bunderson*,
　320 N.W.2d 175 (1982) ............................................................................................ 3

*M&A Gabee v. Community Redevelopment Agency of the
　City of Los Angeles*,
　419 F.3d 1036 (9th Cir.2005) ............................................................................ Passim

*New England Mortgage Sec. Co. v. Gay*,
　145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646 (1892) ..................................................... 6

*Quinault Tribe of Indians of Quinault Reservation in State of Washington v.
　Gallagher*,
　368 F.2d 648 (9th Cir.1966) ..................................................................................... 6

*Rapoport v. Rapoport*,
　416 F.2d 41 (9th Cir.1969) ....................................................................................... 6

*Theis Research, Inc. v. Brown & Bain*,
　400 F.3d 659 (9th Cir. 2004) ................................................................................ 4, 5


**STATUTES**

28 U.S.C. § 1331 ............................................................................................................ 1

28 U.S.C. § 1332 ..................................................................................................... 1, 2, 5

Wis. Stat. § 135.01, et seq. ............................................................................................ 1

Wis. Stat. § 135.025 ...................................................................................................... 3

Wis. Stat. § 788.02 ........................................................................................................ 3

Wis. Stat. § 788.09 ........................................................................................................ 4

Wis. Stat. § 788.10 ........................................................................................................ 3

Wis. Stat. § 801.63 .................................................................................................. 3

Wis. Stat. § 809.25 .................................................................................................. 4

**RULES**

Federal Rule of Civil Procedure 8(a)(1) ............................................................... 1, 5

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Federal courts in the Ninth Circuit are required to abstain from exercising jurisdiction in a state court civil matter when the matter implicates important state interests, when a state proceeding is on-going and when the federal plaintiff could litigate its federal claims in state court. Except for the fact that the Petitioner, Hansen Beverage Company, has not filed any federal claims with this Court, all of the other tests for abstention under the *M&A Gabee* standard are satisfied.

Contrary to Hansen's suggestion by reliance on the recent Wisconsin, Rock County Circuit Court's order, the Rock County Circuit Court cannot, *sua sponte*, create subject matter jurisdiction in this Court. Federal Rule of Civil Procedure 8(a)(1) requires the Petitioner, Hansen Beverage Company, to affirmatively show subject matter jurisdiction exists under *28 U.S.C.* § 1331, 1332 or some other specific federal statute conferring special jurisdiction before this Court may accept its petition. It is understood that the Federal Arbitration Act is not a source of independent subject matter jurisdiction in this or any other federal court. The parties are agreed that the law of the case is Wisconsin state law, specifically the Wisconsin Fair Dealership Law, *Wis. Stat.* §§ 135.01, *et seq*. and that the issues decided by the arbitrator arose exclusively under Wisconsin state law.

DSD has filed a Petition for Leave to Appeal the Rock County Circuit Court's decision with the Wisconsin Court of Appeals; therefore, DSD's state matter is on-going. (*Declaration of Julie A. Lewis, Exhibit 1*.) Hansen, which failed to remove DSD's original complaint to federal court in 2007, and whose federal action in the federal district court for the Central District of California was dismissed, is forum-shopping. *Hansen Petition*, Order for Dismissal, Exhibit 1, p. 51-52. Its request for confirmation of the arbitration award made, by decision of the case, under Wisconsin law, can easily be decided by the Wisconsin courts.

1  Hansen has not raised any issue of importance under federal law that requires the
2  intervention of this Court.  Hansen's Petition to Confirm the Award should be
3  dismissed or stayed.
4  **II.   ARGUMENT**
5       Federal courts in the Ninth Circuit have no discretion over when to exercise
6  subject matter jurisdiction when the case involves ongoing proceedings in a
7  sovereign state court.  Hansen, in its reply to DSD's Motion to Dismiss or Stay its
8  Petition, altogether fails to address the *M&A Gabee* standard regarding "*Younger*
9  abstention;" however, that decision provides the rule of law that is applicable to
10 this case.  The Court is required to abstain from recognizing jurisdiction over
11 Hansen's Petition because it falls squarely within the *M&A Gabee* abstention
12 standard.
13      In addition, because the arbitration dealt exclusively with questions of
14 Wisconsin law, Hansen must show that its Petition meets the amount in
15 controversy requirement.  Hansen's Petition does not satisfy Section 1332(a)'s
16 amount in controversy requirement; therefore, the parties are not diverse.
17      **A.   Abstention is required under the *M&A Gabee* tests for *Younger***
18           **absention.**
19      The Ninth Circuit is quite specific – federal courts are to abstain from
20 interference in a state court action when the tests set out in the decision are met.
21      A federal court must abstain to avoid interference in a state-court civil action
22 when three tests are met.  First, the proceedings must implicate important state
23 interests; second, there must be ongoing state proceedings; and third, the federal
24 plaintiff must be able to litigate its federal claims in the state proceedings.  *M&A*
25 *Gabee v. Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d
26 1036, 1039 (9th Cir.2005).
27
28

2

DSD's state law claims were filed in Wisconsin circuit court on July 25, 2007. Rather than removing DSD's complaint to federal court, Hansen appeared in state court and requested a stay or dismissal under Wis. Stats. §§ 788.02 and 801.63 to allow arbitration to proceed in a foreign forum. Hansen's request was granted and the state court action was stayed pending arbitration in California. *(See Declaration of Julie A. Lewis*, Rock County Circuit Court Case No. 1120, Order from Hearing of July 31, 2007, Exhibit 2.) DSD's Motion for Partial Vacation of the Arbitration Award was filed on April 4, 2008, in the same action under *Wis. Stat.* § 788.10. All of the claims raised by DSD's motion are made under Wisconsin state law.

DSD's Memorandum filed in support of its motion to dismiss Hansen's Petition on jurisdictional grounds discussed the first test for *Younger* abstention under *M&A Gabee* at some length. The Wisconsin Fair Dealership Law specifically sets out the important state policies and purposes addressed by the statute. See *Wis. Stat.* §§ 135.025.

The second *M&A Gabee* test is also met. Rock County Circuit Court Case No. 2007-CV-1388 is on-going. The Rock County Circuit Court entered an Order on May 16, 2008, in which the Honorable Kenneth H. Forbeck determined that the court would stay DSD's motion because "the arbitration should be completed and finalized in Federal Court" *Hansen Petition*, Exhibit 3, p. 2.

In Wisconsin, a trial court's discretionary act will be sustained on appeal if the appellate court finds that the trial court (1) examined the relevant facts, (2) applied a proper standard of law, and (3) using a demonstrative rational process, reached a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 320 N.W.2d 175 (1982). It is DSD's position that the Rock County Circuit Court's May 16, 2008, Order does not meet any of these standards and will be overturned by the Wisconsin Court of Appeals. Regardless of the outcome, for purposes of

3

1 Hansen's petition, DSD's Petition for Leave to Appeal to the Wisconsin Court of
2 Appeals under *Wis. Stat.* § 809.25 in Rock County Circuit Court Case No. 2007-
3 CV-1120 filed in July 2007 qualifies as "on-going state proceedings." *See*
4 *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-611 (1975).

5     Finally, there is no question that Hansen could bring its petition to confirm
6 the arbitration award in Wisconsin state court. The Wisconsin Arbitration Act
7 provides for court confirmation of the arbitration award within one year after the
8 award is made. *Wis. Stat.* § 788.09. That deadline can be adjusted pending
9 judicial review of the award. *Wis. Stat.* § 788.09.

10     As federal courts in the Ninth Circuit "must abstain" from adjudicating a
11 matter when the three *M&A Gabee* tests are met under *Younger* abstention, this
12 Court may not consider Hansen's Petition.

13     **B.**    **The *Theis Research, Inc. v. Brown & Bain* decision does not apply**
14     **nor does the arbitration award's "declaratory relief" satisfy the**
15     **requirement for jurisdiction.**

16     DSD has asked the Wisconsin courts to partially vacate the arbitration award
17 because, in part, the JAMS Comprehensive Arbitration Rules & Procedures were
18 not followed at the hearing as required by the parties' dealership agreement and
19 DSD's rights under Wisconsin law were violated as a result. See *Hansen Petition*
20 Exhibit 1, pp. 1-9 and Exhibit 1, page 18, Section 19. In *Theis*, the petitioner
21 simultaneously filed both a motion to vacate a zero dollar arbitration award and a
22 separate but, in the court's view, identical claim for $200 million in damages in
23 federal district court in California. *Theis Research, Inc. v. Brown &* Bain, 400
24 F.3d 659 (9th Cir. 2004). Rather than allow Theis to make an end run around its
25 arbitration award by filing the same claims against the same party in federal district
26 court after the arbitration, the court concluded that the amount in controversy in the
27
28

4

case filed in district court was the same as the amount at issue at arbitration; therefore, Section 1332(a)'s requirements were met.

The *Theis* court relied, in large part, on the argument that other circuits look to the underlying amount in controversy when the <u>petitioner</u> to federal court is seeking to reopen the award. Although Theis did not caption its companion lawsuit as a request to reopen the award, the court found that Theis's lawsuit was an attempt to reopen the award because Theis's claims in the lawsuit were substantially identical to those it arbitrated. See *Theis,* at 665 ("Although neither Theis nor B&B asked the arbitration proceedings be reopened, Theis sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration.")

The *Theis* decision is not on point here. First, Theis was the petitioner at federal district court and had the obligation to demonstrate the existence of federal subject matter jurisdiction. *Fed.R.Civ.P. 8(a)(1)*. Hansen has that role here but has failed to meet its Rule 8(a)(1) obligation.

Second, DSD has not filed a post-arbitration lawsuit to reopen its arbitration claims. DSD's Wisconsin state claims have been on-going since July 2007. Hansen has declared that it abandoned all of its claims against DSD at the arbitration. The arbitrator agreed that the claims that were ultimately arbitrated were only DSD's Wisconsin Fair Dealership Law claims and Hansen's defenses to them. (*See Hansen Petition* Exhibit 1, Final Award, p. 157, l. 26-27.)

By Hansen's admission, then, the claims that were arbitrated were those first filed by DSD under Wisconsin state law in Wisconsin state court in July 2007. The action was stayed in state court <u>at Hansen's request</u> to permit arbitration of DSD's Wisconsin Fair Dealership Law claims in California as provided by the parties' dealership agreement. DSD is not the petitioner before this court. DSD has returned to Wisconsin state court, as it is fully entitled to do under both that

5

court's Order from July 31 Hearing and the Wisconsin Arbitration Act invoked by Hansen last year, to request partial vacation of the award on the basis that the arbitrator exceeded his authority at the hearing.

Hansen argues that the arbitrator declared that DSD could continue to operate its Hansen dealership. Hansen attempts to bootstrap this claim into proof of the requisite amount in controversy by calling it a declaratory judgment and assigning to it an arbitrary value based on DSD's request for damages. The arbitrator did not enjoin Hansen from terminating DSD's Hansen dealership. Instead, he found that Hansen did not have "good cause" to terminate DSD's Hansen dealership. Under Wisconsin law, Hansen can terminate DSD's dealership without "good cause" if Hansen is willing to pay DSD for the loss of the business. Of course, Hansen testified at the arbitration hearing that it has no plans to terminate DSD's dealership. DSD's continued existence is thus not the "object of the litigation" – as Hansen would have this Court believe – but rather is only a collateral issue, which cannot satisfy the amount in controversy requirement. *See e.g., New England Mortgage Sec. Co. v. Gay*, 145 U.S. 123, 130, 12 S.Ct. 815, 816, 36 L.Ed. 646 (1892) ("It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment."); *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir.1969) ("It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication."); *Quinault Tribe of Indians of Quinault Reservation in State of Washington v. Gallagher*, 368 F.2d 648, 655 (9th Cir.1966) ( "[J]urisdiction depends upon the matter directly in dispute in the particular cause, and the court is not permitted, for the purpose of determining its sum or value, to estimate its collateral effect.").

### C. The law of the case is Wisconsin state law supplanting California state law.

Controlling law in this matter is Wisconsin state law. In his decision on DSD's Choice of Law Motion, the arbitrator found:

> **Hansen agrees** that the WFDL [Wisconsin Fair Dealership Law] and Wisconsin state law apply provided DSD proves it is a dealer as contemplated by that law. Provided DSD can demonstrate it is a dealer, **Hansen further agrees** Wisconsin law applies to the extent Wisconsin law conflicts with California law.

(*See Arbitrator's Decision on Choice of Law Motion*, *Hansen Petition* Exhibit 1, p. 62) (emphasis added). DSD proved at the arbitration hearing that it is a "dealer" under the Wisconsin Fair Dealership Law and Hansen did not object to that finding after the interim award was issued. Therefore, Wisconsin law applies to this matter. Hansen's argument that, "California law (or federal law), **but not Wisconsin law**, controls enforcement of the Final Award" (emphasis in original) is utterly without merit.

Hansen also declares that, "No one could speak with more authority to refute [DSD's contentions that the matter involves Wisconsin public policy] than Judge Forbeck himself" (*Hansen Opposition*, page 8). Obviously, state appellate courts can speak with more authority than trial courts on matters of state public policy. DSD's petition for leave to appeal Judge Forbeck's decision is now before the Wisconsin Court of Appeals and will be considered in due course. If DSD is not successful, Hansen can file its petition for confirmation of the arbitration award in Wisconsin state court at that time.

## III. CONCLUSION

As a court of specific jurisdiction, this Court should abstain from exercising jurisdiction over this matter under *M&A Gabee v. Community Redevelopment*

7

*Agency of the City of Los Angeles*. Hansen consented to Wisconsin state law as the choice of law at arbitration and failed to remove DSD's pending state court action last year. This case meets all three of the *M&A Gabee* tests and, because it does, abstention is required. Even if the Court were not required to abstain, the Court does not have subject matter jurisdiction over Hansen's Petition because the amount in controversy presented to this Court is zero. Hansen's Petition to Confirm the Arbitration Award should be dismissed or stayed until state court proceedings in Wisconsin have been completed. DSD asks this Court to dismiss or stay Hansen's Petition to Confirm the Arbitration Award for the reasons described herein.

Respectfully submitted,

Dated: June 2, 2008

FOLEY & LARDNER LLP
LEILA NOURANI
MICHAEL B. MCCOLLUM

By:    /s/ Leila Nourani
       LEILA NOURANI
       Attorneys for Respondent
       DSD DISTRIBUTORS, INC.,
       a Wisconsin corporation