STATE OF WISCONSIN COURT OF APPEALS, DISTRICT IV

For Official Use

DSD Distributors, Inc.

Plaintiff(s)

-vs-

Hansen Beverage Company, Et Al.

Defendant(s)

**Petition for Leave to Appeal Non-Final Judgment or Order**

Circuit Court Case No. 07-CV-1120

EXHIBIT A

(Name of Petitioner) DSD Distributors, Inc., hereby petitions the Court of Appeals of the State of Wisconsin, District IV, for leave to appeal from the non-final judgment or order dated (date of order) May 16, 2008, in the circuit court for Rock County, the Honorable (name of Judge) Kenneth W. Forbeck, presiding, case no. (circuit court case number) 07-CV-1120, wherein the court (describe action taken by the circuit court in the judgment or order) refused to take jurisdiction over the Petitioner's Motion for Partial Vacation of Arbitration Award

The reasons and grounds for the desired appeal are:

1. State the issues presented by the controversy: (1) The Circuit Court did not examine the relevant facts, (2) the Circuit Court did not apply the proper standard of law, (3) the Circuit Court did not use a demonstrated rational process and did not reach a conclusion that a reasonable judge could reach.

2. State the facts necessary to an understanding of the issues: Please see Petitioner's Statement Showing Necessity for Review

3. State why the review of the judgment or order immediately rather than on an appeal from the final judgment in the case or proceeding will materially advance the termination of the litigation or clarify further proceedings therein, protect a party from substantial and irreparable injury, or clarify an issue of general importance in the administration of justice: Without immediate review of the Circuit Court's Order, jurisdiction over the Petitioner's motion filed under Sec. 788.10, Wis. Stats. will be ceded to the United States District Court for the Southern District of California in San Diego, California, and Petitioner's rights under Chapter 788 will be terminated. There will be no reviewable issue for appeal in Wisconsin if this matter is tranfered to San Diego's federal district court as ordered by the Circuit Court.

Pursuant to Wisconsin Statute §809.52, the petitioner further requests that the court (if applicable, specify desired temporary relief, such as a stay of circuit court proceedings pending disposition of this petition): Stay this matter in the Wisconsin Circuit Court until such time as the Court of Appeals has reached a decision regarding this Petition.

Date: May 30, 2008

CA-140, 10/07 Petition for Leave to Appeal Non-Final Judgment or Order    §§809.25, 809.50 and 809.52, Wisconsin Statutes
($195.00 filing fee)

Declaration Exhibit A Part A, Page 3

Petition for Leave to Appeal Non-Final Judgment or Order — Page 2 of 2

| Signature of Filing Attorney or Party | Telephone Number |
|---|---|
| *[signature]* | 508-755-8100 |
| Name Printed or Typed | State Bar Number (if applicable) |
| Julie A. Lewis | 1048367 |
| Address | |
| Nowlan & Mouat, LLP 100 South Main Street, Janesville, WI 53547-8100 | |

A copy of the judgment or order sought to be reviewed must be attached to this petition.

This completed form must be *filed* with the clerk of the court of appeals within 14 days after the entry of the judgment or order sought to be reviewed, and copies must be served upon opposing counsel and/or parties. This form may be accompanied by a supporting memorandum. The petition and memorandum combined may not exceed 35 pages if a monospaced font is used or 8,000 words if a proportional serif font is used. *See* Wisconsin Statute §809.50(1), (4).

CA-140, 10/07 Petition for Leave to Appeal Non-Final Judgment or Order     §§809.25, 809.50 and 809.52, Wisconsin Statutes
($195.00 filing fee)
Page 2 of 2

Declaration Exhibit A Part A, Page 4

| STATE OF WISCONSIN | CIRCUIT COURT | ROCK COUNTY |
|---|---|---|

DSD DISTRIBUTORS, INC.,

    Plaintiff,

vs.

HANSEN BEVERAGE COMPANY,
WISCONSIN DISTRIBUTORS SOUTH, LLC,
and
RIVER CITY DISTRIBUTING CO., INC.,

    Defendants.

Case No.: 07-CV-1720
Arbitration Reference No.:
JAMS 1200039281

## ORDER ON JURISDICTION

This matter came before the Court on April 25, 2008, during a telephone conference pursuant to Defendant Hansen Beverage Company's objections to this Court exercising jurisdiction over the Plaintiff's Motion for Partial Vacation of Arbitration Award. Plaintiff appeared by its attorneys Nowlan & Mouat, LLP by Attorney Julie A. Lewis. Defendant Hansen Beverage Company appeared by its attorneys Godfrey & Kahn, S.C. by Attorney William H. Levit, Jr. Defendants Wisconsin Distributors South, LLC and River City Distributing Co., Inc. appeared by their attorneys, DeWitt, Ross & Stevens, S.C. by Attorney William E. McCardell. The Honorable Kenneth W. Forbeck presided.

After having considered the written submissions of the parties and the arguments of counsel,

IT IS HEREBY ORDERED that:

The terms of the attached letter dated April 30, 2008, be entered.

Dated this 15th day of May, 2008.

BY THE COURT:

_____
Honorable Kenneth W. Forbeck
Circuit Judge

Attachment

HON. KENNETH W. FORBECK<br>
CIRCUIT COURT JUDGE, BRANCH 5<br>
ROCK COUNTY COURTHOUSE<br>
51 SOUTH MAIN STREET<br>
JANESVILLE, WI 53545<br>
Ph. No. 608-743-2237<br>
Fax No. 608-743-2226

Douglas G. Mitchell  
Court Attendant  
608-743-2288

Timmie D. Mueller – 608-743-2238  
Court Reporter

Judith G. Donaldson  
Judicial Assistant  
608-743-2237

April 30, 2008

TO: ATTORNEY JULIE A. LEWIS  
    ATTORNEY MICHAEL R. FITZPATRICK  
    ATTORNEY WILLIAM H. LEVITT  
    ATTORNEY WILLIAM B. MCCARDELL

FROM: JUDGE KENNETH W. FORBECK

RE: *DSD Distributors, Inc. v. Hansen Beverage Co.*  
    Case No. 07 CV 1120

Dear Counsel:

I have reviewed the submittals made to my office regarding the issue of whether or not this Court should this County take immediate jurisdiction over the above pending litigation or should permit the arbitration to go through its final process and be completed in the federal system in California.

I have reviewed the pleadings, the Orders issued in this case as well as the documentation and arguments provided by counsel. Additionally, I have also reviewed the contract between the parties entitled Hansen Beverage Company Distribution Agreement which contains the Arbitration clause at Para. 19 of that Agreement which is at issue and which is dated December 1, 2004. Finally, I have also reviewed the JAMS Arbitration Rules of Procedure with regard to this type of arbitration. As you are all aware, JAMS, the Arbitration Group, is referred to in the Distribution Agreement in Para. 19.

Attorney Julie A. Lewis
Attorney Michael R. Fitzpatrick
Attorney William H. Levit
Attorney William E. McCardell
April 30, 2008
Page Two

Based on the information which I have before me and based upon the review of the above, it is my opinion that the arbitration should be completed and finalized in Federal Court in the State of California without intervention of this Court. After the matter has been completed, if there still exists issues to be determined by this Court, we will entertain those issues. However, to do so at this point is premature.

It is my understanding that there will be a hearing in federal court regarding the arbitrator's decision. It is further my understanding that that will take place in June, 2008. After that determination has been made, any party who wishes to come before this Court for what you believe would be further relief under the jurisdiction of this Court may do so.

Thank you.

Sincerely yours,

Kenneth W. Forbeck
Judge/Circuit Court Branch 5

DSD30L

STATE OF WISCONSIN
COURT OF APPEALS
DISTRICT IV

---

DSD DISTRIBUTORS, INC.,
    Plaintiff-Petitioner,

vs.

HANSEN BEVERAGE COMPANY, et al.,
    Defendants-Appellees.

---

**STATEMENT OF NECESSITY IN SUPPORT OF
PLAINTIFF-APPELLANT'S PETITION FOR LEAVE TO APPEAL
NON-FINAL JUDGMENT OR ORDER**
Rock County Case No. 07 CV 1120

---

Julie A. Lewis
State Bar No. 1048367
NOWLAN & MOUAT LLP
100 S. Main Street
P.O. BOX 8100
Janesville, WI 53547-8100
(608) 755-8100; Fax (608) 755-8110
Attorneys for Plaintiff

# TABLE OF CONTENTS

STATEMENT SHOWING NECESSITY FOR REVIEW ...................................1

STATEMENT OF ISSUES..................................................................................2

STATEMENT OF FACTS ...................................................................................3

STATEMENT ON NECESSITY OF REVIEW ...................................................9

CONCLUSION ....................................................................................................24

CERTIFICATION.................................................................................................1

STATE OF WISCONSIN
COURT OF APPEALS
DISTRICT IV

DSD DISTRIBUTORS, INC.,
    Plaintiff-Petitioner,

vs.

HANSEN BEVERAGE COMPANY, et al.,
    Defendants-Respondents.

**STATEMENT OF NECESSITY IN SUPPORT OF
PLAINTIFF-PETITIONER'S PETITION FOR LEAVE TO APPEAL
NON-FINAL JUDGMENT OR ORDER**
Rock County Case No. 07 CV 1120

Julie A. Lewis
State Bar No. 1048367
NOWLAN & MOUAT LLP
100 S. Main Street
P.O. BOX 8100
Janesville, WI 53547-8100
(608) 755-8100; Fax (608) 755-8110
Attorneys for Plaintiff-Petitioner

# TABLE OF CONTENTS

STATEMENT SHOWING NECESSITY FOR REVIEW .............................. 1

STATEMENT OF ISSUES ................................................................. 2

STATEMENT OF FACTS .................................................................. 3

STATEMENT ON NECESSITY OF REVIEW ........................................ 9

CONCLUSION ............................................................................... 25

CERTIFICATION ............................................................................. 1

i

# TABLE OF AUTHORITIES

**Cases**

*Cedarburg Education Association v. Cedarburg Board of Education* (District II, Appeal No. 2007AP852, filed April 2, 2008)................................................................23

*Conrad's Sentry, Inc. v. Supervalu*, 357 F.Supp.2d 1086 (W.D.Wis.2005)............7

*Duel v. Ramar Baking Co.*, 18 N.W.2d 345 (1945). ...........................................12

*Flexible Mfg Systems Pty Ltd v. Super Products Corp*, 874 F.Supp. 247, 248-49 (E.D. Wis. 1994) aff'd *Flexible Mfg. Systems Pty. Ltd. v. Super Products Corp.*, 86 F.3d 96 (7th Cir.(Wis.) Jun 07, 1996) (NO. 95-2160)..........................19, 20

*Flight Systems v. Paul A. Lawrence Co.*, 715 F.Supp. 1125, 1127 (D.D.C.1989). ...............................................................................................................................20

*Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941) ..19, 20

*Johnson v Collins*, No. 99-2950, 2001 WL 195027, *4 (7th Cir. Feb. 23, 2001)(unpublished)........................................................................................15

*Loy v. Bunderson*, 320 N.W.2d 175 (1982)..........................................................10

*M&A Gabee v. Community Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir 2005) ........................................................................17

*McCleary v. State*, 182 N.W.2d 512, 520 (1971) ................................................10

*Metro Industrial Painting Corp. v. Terminal Construction Co.*, 287 F.2d 382, 387 (2d Cir.1961) (Lumbard, C.J., concurring).......................................................20

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983) 18

*Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 10 (1983) ..............................................................................................18

*Rooker-Feldman* .....................................................................................................15

*Southland Corp. v. Keating*, 465 U.S. 1, 10-14, 104 S.Ct. 852, 854-860, 79 L.Ed.2d 1 (1984)................................................................................................20

*State v. Ho-Chunk Nation*, 463 F.3d 655 (7th Cir. 2006)....................................12

*State v. Hutnik*, 159 N.W.2d 733, 738 (1968) .....................................................10

*Syver v. Hahn*, 94 NW 2d 161 (1959). .................................................................14

*Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 477, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989) ................19

*Wikberg v. Moore N. Am. Inc.*, No. 00-2007, 2000 WL 1521768, *2 (7th Cir Oct 6, 2000)(unpublished).......................................................................................15

*Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2d Cir. 1996)....................................18

*Younger v. Harris*, 401 U.S. 37 (1971) ..........................................................16, 17

**Statutes**

28 U.S.C. §§ 1331, 1332. .......................................................................................11

Chapter 788, Wis. Stats ..................................................................................9
Chapter 788, Wis. Stats. ..............................................................................23
Federal Arbitration Act.......................................................................9, 11, 19
Federal Arbitration Act, 9 U.S.C. § 2..............................................................8
Section 135.02(2), Wis. Stats. .........................................................................7
Section 135.025(2), Wis. Stats. .....................................................................23
Section 135.025, Wis. Stats ..........................................................................24
Section 135.06, Wis. Stats. .............................................................................7
Section 135.065, Wis. Stat............................................................................14
Section 788.02, Wis. Stats. ...........................................................................14
Section 788.10, Wis. Stats. ...............................................................7, 13, 23
Section 808.03(2), Wis. Stats. .......................................................................1
Wisconsin Arbitration Statute .......................................................................19
Wisconsin's Fair Dealership Law, Sections 135.04 and 135.03, Wis. Stats. ..........6

### Rules

Fed.R.Civ.P. (8)(a)(1).....................................................................................11
JAMS Procedural Rule 9(d) ..........................................................................21
JAMS Rule 9(d)..........................................................................................7, 22

## STATEMENT SHOWING NECESSITY FOR REVIEW

### Introduction

The Petitioner, DSD Distributors, Inc., requests leave to appeal the order of the Rock County Circuit Court, Branch 5, entered by the Honorable Kenneth H. Forbeck on May 16, 2008. The memo decision accompanying the Order refuses to take jurisdiction over this case and cedes jurisdiction to the United States District Court for the Southern District of California. The federal district court does not, by law, have jurisdiction over the case which involves issues arising exclusively under Wisconsin law.

Petitioner requests review because the Circuit Court's Order effectively terminates Petitioner's rights under Wisconsin law.[1] The decision also appears to be based on a material misapprehension of the applicable state and federal law. All three of the statutory criteria enumerated in Section 808.03(2), Wis. Stats., are satisfied under the facts of this case. If review is granted by the Court of Appeals, further proceedings in the litigation will be materially clarified, the petitioner will be protected

---

[1] / As explained later in this Petition, the memo decision has the effect of a final judgment in this matter. To ensure compliance with the appellate rules; however, Petitioner requests permission to appeal because the memo decision was entered as an interlocutory order rather than as a final judgment.

1