from substantial or irreparable injury and issues of general importance in the administration of justice will be clarified.

In addition, Petitioner requests relief pending decision on the petition in the form of a stay of proceedings at the Circuit Court. Petitioner's motion for partial vacation of arbitration award should be stayed, rather than transferred to the United District Court for the Southern District of California, until this Court has ruled on the present petition.

## STATEMENT OF ISSUES

The Circuit Court's Order was a discretionary act that effectively terminated the Wisconsin state court's jurisdiction over the Petitioner's action with no chance for review. The following errors of the Circuit Court in its memo decision require correction:

1. The Circuit Court did not examine the relevant facts. The memo decision indicates that some portions of the record were reviewed by the Circuit Court. None of them was cited in the decision. The parties are unable, therefore, to determine on what factual grounds the decision was made.

2. The Circuit Court did not apply the proper standard of law. The memo decision does not reference the Court's reliance on any

particular line of cases for its decision. The parties are unable, therefore, to determine on what legal grounds the Court relied for its reasoning.

3. The Circuit Court did not use a demonstrated rational process and did not reach a conclusion that a reasonable judge could reach. The memo decision does not include a description of a demonstrated rational process the Court may have used to reach its decision. In addition, the conclusion reached by the Court is not a conclusion that a reasonable judge could reach if he or she were using a demonstrated rational process to evaluate the matter before the Court.

## STATEMENT OF FACTS

The Petitioner, DSD Distributors, Inc., requests leave to appeal the order of the Rock County Circuit Court, Branch 5, entered by the Honorable Kenneth H. Forbeck on May 16, 2008. *See* Order entered May 16, 2008. The memo decision accompanying the Order refuses jurisdiction and, instead, cedes jurisdiction to the United States District Court for the Southern District of California. Id. The federal district court does not, by law, have jurisdiction over the case which involves issues arising exclusively under Wisconsin law.

Declaration Exhibit A Part B Page16

DSD is a nonalcoholic beverage distributor whose principal place of business is located in Milton, Wisconsin. Hansen is a beverage manufacturer whose principal place of business is located in Corona, California. Hansen's primary product is Monster-brand energy drinks. DSD was a Hansen distributor from 2004 to 2007. On April 25, 2007, Hansen served a federal lawsuit on DSD and delivered a 90 day notice of termination and a demand for arbitration before JAMS in California. The notice of termination explained that unless DSD accepted the contractual severance payment, the agreement would be terminated at arbitration. *Notice of Termination, App. 001-003*. The federal lawsuit was filed in the Central District of the United States District Court in Los Angeles, California. *Hansen Complaint, App. 004-0026*.[2] In it, Hansen requested an injunction preventing DSD from selling competing products and a declaration that the parties' agreement should be enforced as written. *App. 013-014*. The demand for arbitration alleged nine claims of breach of contract and one claim of breach the implied covenant of fair dealing. The demand also requested a declaration that (a) the Wisconsin Fair Dealership Law did not apply to the parties' business relationship; (b) the Agreement's

---

[2] / Hansen's Complaint filed in federal district court in Los Angeles was dismissed. *Order of Dismissal, App. 027-029*.

arbitration provision was enforceable, and (c) Hansen was entitled to terminate the Agreement in accordance with its terms. Hansen requested an award of damages, interest and arbitration costs against DSD. *Demand for Arbitration before JAMS, App. 034*.

DSD filed the instant action against the Defendants in Rock County Circuit Court on July 20, 2007, requesting a temporary injunction and a declaration that the Wisconsin Fair Dealership Law applied to DSD's Hansen distributorship. *DSD Complaint, App. 035-067*. Hansen filed a motion to dismiss or stay DSD's complaint pursuant to Sections 788.02 and 801.63, Wis. Stats. pending arbitration in California. *Hansen Motion to Dismiss or Stay State Action, App. 068-070*. Hansen did not object to the Rock County Circuit Court's jurisdiction, did not remove the matter to federal district court and did not assert that federal district court in California had concurrent jurisdiction. Id.

The Rock County Circuit Court, the Honorable John W. Roethe presiding, granted Hansen's motion and stayed the matter under Sections 788.02 and 801.63, Wis. Stats., to permit arbitration between DSD and Hansen in California. The court retained jurisdiction over the matter under both statutes and requested status reports from the parties every six months

until the arbitration was completed. *Order from Hearing of July 31, 2007, App. 071-072.*

The Distribution Agreement between the parties states that the Agreement would be "governed by and interpreted in accordance with the laws of the State of California (without reference to its law of conflict of laws)." *Distribution Agreement, App. 077, Section 18.* On DSD's motion to clarify the choice of law, the arbitrator ruled that California and Wisconsin law applied to the parties' dispute as follows:

> DSD seeks a ruling by the arbitrator that the Wisconsin Fair Dealership Law (WFDL) applies to the agreement in question as a matter of Wisconsin Law, regardless of the parties' contractual choice of law and that California law also requires application of the WFDL. *Hansen agrees that the WFDL and Wisconsin law apply provided DSD proves it is a dealer as contemplated by that law. Provided DSD can demonstrate it is a dealer, Hansen further agrees Wisconsin law applies to the extent Wisconsin law conflicts with California law.*
>
> The arbitrator finds the issue of whether DSD is a dealer under WFDL is not ripe for adjudication because it requires a factual determination not possible on the current record. Both parties agree discovery is far from complete at this time. *Provided DSD demonstrates it is a dealer under the WFDL, that law would apply to the extent it conflicts with California law. However, DSD may seek relief provided under WFDL including damages and injunctive relief.*

*Arbitrator's Decision on Choice of Law Motion, App. 085* (emphasis added).

Following its receipt of the arbitrator's Decision on Choice of Law, DSD filed its amended answer, affirmative defenses and counterclaims at arbitration. *Amended Answer, Affirmative Answer and Counterclaims, App.*

6

*087-110.* By counterclaim, DSD alleged improper notice and substantial change of circumstances and termination without good cause in violation of Wisconsin's Fair Dealership Law, Sections 135.04 and 135.03, Wis. Stats. *App. 092-098* As provided by the arbitrator's choice of law decision, DSD requested an award of damages and its attorney's fees and costs under Section 135.06, Wis. Stats. Hansen did not file a responsive pleading.

After an evidentiary hearing on the record in San Diego on January 22-25, 2008, the arbitrator found that DSD was a "dealer" as defined by Section 135.02(2), Wis. Stats. and that Hansen did not have "good cause" to terminate DSD's dealership. *Final Award, App. 119-124.* Based on an affirmative defense raised for the first time on the third day of the hearing, the arbitrator also found that Hansen did not terminate or substantially change the circumstances of DSD's dealership and denied DSD's request for damages and attorney's fees.[3] *App. 125-128.*

---

[3] / Although Hansen originally sued DSD at arbitration to terminate its dealership, on the third day of the hearing, Hansen's CEO testified that if DSD was found to be a "dealer" under the Wisconsin Fair Dealership Law, Hansen would abandon its request to terminate the dealership. As a result of this testimony, the arbitrator held that Hansen had preserved its right to change its position during the pendency of the arbitration. DSD's motion for partial vacation of the arbitration award challenges the arbitrator's decision procedurally as outside the scope of the parties' agreement which says the JAMS procedural rules are to apply to the arbitration. *Distribution Agreement, App. 077, Section 19; JAMS Rule 9(d), App. 162.* prohibits any new claims or defenses at the hearing. DSD also challenges the decision on substantive grounds for failure to apply Wisconsin's

7

On April 4, 2008, DSD filed a Motion to Partially Vacate the Arbitration Award in Rock County Circuit Court pursuant to Section 788.10, Wis. Stats. *Amended Motion to Vacate, App. 130-138.* On the same day, Hansen filed a petition to confirm the arbitration award in the United States District Court in San Diego, California, under the Federal Arbitration Act, 9 U.S.C. § 2. *Petition To Confirm Award, App. 139-141.* DSD filed a motion to dismiss Hansen's petition for lack of subject matter jurisdiction on April 16, 2008. *DSD's Motion to Dismiss Petition, App. 142-158.* That motion is pending before the federal court which has not taken jurisdiction of the matter. DSD's final brief is due on June 2, 2008, with a tentative hearing date scheduled for June 9, 2008.[4]

On April 25, 2008, during a telephone scheduling conference for the hearing on DSD's Motion for Partial Vacation of the Arbitration Award, Hansen made an oral motion for abstention arguing that the Rock County Circuit Court should abstain from deciding DSD's motion because the matter was under consideration by the California federal district court in San Diego. *Transcript, App. 174-175.* At the Circuit Court's request, both

---

doctrine of constructive termination under the Wisconsin Fair Dealership Law. *See, Conrad's Sentry, Inc. v. Supervalu,* 357 F.Supp.2d 1086 (W.D.Wis.2005).

[4] / The parties were informed of this status verbally by the federal district court clerk. No scheduling order was issued.

parties briefed the issue on April 28, 2008. *Hansen Letter in Support of Abstention, App. 195-200; DSD Memorandum of Law on Jurisdiction, App. 201-209.* The Circuit Court then decided that the arbitration was on-going and should be concluded in federal district court in San Diego. The Circuit Court retained jurisdiction over any issues remaining "after the arbitration is concluded in California." *Order on Jurisdiction.*

Neither the Federal Arbitration Act nor any other federal law was implicated by contract or decision as governing law in the arbitration. *See Distribution Agreement; Decision on Choice of Law.* The Federal Arbitration Act does not provide an independent basis for federal question jurisdiction and diversity jurisdiction does not exist between the parties as the amount in controversy in the motion to confirm the award is zero.

## STATEMENT ON NECESSITY OF REVIEW

Immediate review of the Circuit Court's May 16, 2008, Order will clarify further proceedings regarding the Circuit Court's subject matter jurisdiction over this case. It will also protect DSD from the substantial and irreparable injury of having the Final Arbitration Award entered in federal court without allowing recourse by DSD to its statutory rights for review of the Award under Chapter 788, Wis. Stats. Immediate review of the May

9

16, 2008, Order will also clarify the issue of whether a Wisconsin circuit court can, on request of a party, refuse to take jurisdiction over DSD's motion and cede jurisdiction of this exclusively state court matter to a California federal district court that does not have statutory jurisdiction over the matter when the cession will result in DSD's loss of statutory rights and loss of any right to appeal the federal court result in Wisconsin.

A trial court's discretionary act will be sustained on appeal if the appellate court finds that the trial court (1) examined the relevant facts, (2) applied a proper standard of law, and (3) using a demonstrative rational process, reached a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 320 N.W.2d 175 (1982). The term "discretion" implies a reasoning process that depends on facts that are in, or can reasonably be inferred from, the record and on a conclusion based on proper legal standards. *McCleary v. State*, 182 N.W.2d 512, 520 (1971). For the court to sustain the trial court's decision, the record must show that the trial court followed this kind of reasoning. Id. It is a misuse of discretion for the trial court to fail to delineate the factors that influenced its decision. *McCleary* at 520 citing *State v. Hutnik*, 159 N.W.2d 733, 738 (1968) (making an error of law also constitutes a misuse of discretion). The Circuit Court's Order

was a discretionary act that effectively terminated the Wisconsin state court's jurisdiction over the Petitioner's action and eliminated the opportunity for appellate review.

I. <u>The Circuit Court did not examine the relevant facts.</u>

The Circuit Court made a few findings of fact. Among them, the Court mistakenly concluded that the arbitration proceeding in this matter is on-going. The Circuit Court also concluded that the arbitration should be completed and finalized in federal court in California without intervention of the Circuit Court. It would be premature, ruled the Court, to review the arbitration award in Wisconsin circuit court. The Final Award was issued on April 4, 2008. There is nothing left for the arbitrator to do.

II. <u>The Circuit Court failed to apply the proper standard of law.</u>

This matter is not, by law or contract, subject to federal court jurisdiction. In fact, the federal district court does not have subject matter jurisdiction over review of the final arbitration award as a matter of law. Federal district courts are courts of specific and limited jurisdiction with power to hear only cases that involve a federal question or diversity of citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Federal court plaintiffs must affirmatively show the basis

Declaration Exhibit A Part B Page24

for subject matter jurisdiction before the court will hear the matter. Fed.R.Civ.P. (8)(a)(1).

The Federal Arbitration Act does not provide subject matter jurisdiction itself. There must be some other independent basis for federal jurisdiction over arbitration-related questions for the federal court to decide the matter. *State v. Ho-Chunk Nation*, 463 F.3d 655 (7th Cir. 2006). In this matter, there is none. No federal question has been presented for decision and diversity of citizenship does not exist because the amount in controversy in Hansen's petition to confirm the award is zero.

State circuit courts are courts of general jurisdiction. They are presumed to have subject matter jurisdiction over a particular controversy unless some contrary showing is made. *Duel v. Ramar Baking Co.*, 18 N.W.2d 345 (1945). The Circuit Court has jurisdiction over this matter dealing exclusively with issues of Wisconsin law. The Court should not be ceding that jurisdiction to the federal district court in California.

III. <u>The Circuit Court did not use a demonstrative rational process and did not reach a conclusion that a reasonable judge could reach using a demonstrative rational process.</u>

  A.   *Hansen's April 28, 2008, Letter Brief was inaccurate*

Declaration Exhibit A Part B Page25

In its Memorandum in Support of Abstention, Hansen argued before the Circuit Court that "a substantially identical proceeding is pending in federal court in California."[5] *Hansen Memorandum*. This statement is not accurate. DSD's Motion to Partially Vacate Arbitration Award under Section 788.10, Wis. Stats. was filed in Rock County Circuit Court on April 4, 2008. Hansen filed an entirely new action in federal district court in San Diego the same day asking that court to confirm the award. The federal district court in San Diego had absolutely no involvement in any aspect of this case until after the final award was issued and the petition to confirm was filed. DSD's motion was filed pursuant to the Circuit Court's July 31, 2007, Order and requests review under Wisconsin law. These actions are not substantially identical.

Hansen's Memorandum also asserts that Hansen never requested and the Circuit Court did not issue an order compelling DSD to arbitrate its claims against Hansen. "Rather, this Court granted Hansen's request to stay this action to permit the arbitration which Hansen had commenced in

---

[5] / The Circuit Court requested simultaneous briefs on the issue of its jurisdiction. Both Hansen and DSD submitted legal memoranda on April 28, 2008, without rebuttal.

Declaration Exhibit A Part B Page26