California to proceed. DSD thereafter elected to assert its Wisconsin Fair Dealership Law claims in the arbitration."[6]

In fact, DSD filed a verified complaint and request for declaratory judgment in July 2007 asking the Rock County Circuit Court to rule that the Wisconsin Fair Dealership Law applies to the parties in the Complaint and requesting a temporary injunction under Section 135.065, Wis. Stat. to maintain the status quo and enjoin termination of the dealership until the parties' rights under the statute were determined by final disposition. Rather than removing the action to federal court, Hansen consented to jurisdiction in Wisconsin state court by appearing and requesting that DSD's complaint be stayed under Wisconsin law pending arbitration. Hansen's claim that its motion to stay or dismiss DSD's action under Section 788.02, Wis. Stats. did not request an order compelling DSD to arbitrate its claims is delicately disingenuous. Only by shading the result just so could one conclude that a stay to permit arbitration of DSD's Wisconsin Fair Dealership Law claims in California is not an order compelling the same. From a practical standpoint, for DSD they are the

---

[6]/ The current presiding judge over this matter, The Honorable Kenneth H. Forbeck, as appointed to the bench effective January 2, 2008, to replace The Honorable John W. Roethe who retired. Judge Forbeck did not preside over the proceedings in July 2007 that resulted in the court's order staying the matter to permit arbitration in a foreign forum.

same result because DSD was required to bring its WFDL claims at arbitration rather than in state court as a result of the Court's July 31, 2007, Order.

    B.    *The "Prior Action Pending" Rule applies.*

Under the "prior action pending" rule, when two separately sovereign courts have jurisdiction over the same litigation, the first court to assume jurisdiction is entitled to have the judgment receive full faith and credit by the other jurisdiction. *Syver v. Hahn*, 94 N.W. 2d 161 (1959). In addition, the Rooker-Feldman doctrine prohibits lower federal courts from reviewing state court judgments. *Wikberg v. Moore N. Am. Inc.*, No. 00-2007, 2000 WL 1521768, *2 (7th Cir Oct 6, 2000)(unpublished). The Rooker-Feldman doctrine applies not only to claims that were actually raised before the state court but also to claims that are inextricably intertwined with state court determinations. *Johnson v Collins*, No. 99-2950, 2001 WL 195027, *4 (7th Cir. Feb. 23, 2001)(unpublished). The key inquiry is whether the federal court is being asked to review the state court decision. Id.

Hansen told the Circuit Court that "[a] federal court in San Diego is currently determining whether or not it will confirm the arbitrator's award,

and will also consider, as it must, DSD's challenges to the award." This statement is not accurate. The federal court in San Diego is currently determining whether it has jurisdiction over Hansen's petition to confirm the award, not whether it will confirm the award. Furthermore, there is nothing in the parties' dealership agreement or in law that requires DSD to file its challenges to the arbitration award with the federal district court in San Diego. Just the opposite, in fact. By contract and by law of the case, only Wisconsin and California state law apply to this matter.

Because Hansen declared, after the arbitration hearing was concluded, that it abandoned the nine breach of contract claims it originally filed at arbitration, the merits of both DSD's motion to vacate *and* Hansen's petition to confirm deal exclusively and uniquely with issues of Wisconsin law. The arbitrator's decision on choice of law, which has never been challenged by Hansen, makes it clear that the parties <u>agreed</u> that applicable law at arbitration was Wisconsin state law, specifically the Wisconsin Fair Dealership Law, and California state law, to the extent it was not supplanted by Wisconsin law. Federal law is not in any way implicated in any aspect of this action and, in the end, neither is California state law

because Hansen abandoned its California state law breach of contract claims.

C. *Federal abstention doctrines apply.*

As DSD has argued to the San Diego federal district court in its Motion to Dismiss or Stay Petition to Confirm Arbitration Award, not only is there no statutory or diversity jurisdiction, both the Younger and the Colorado River abstention doctrines apply. The Ninth Circuit could not be clearer about the Younger doctrine. "A federal court must abstain to avoid interference in a state court civil action when three tests are met. First, the proceedings must implicate important state interests; second, there must be on-going state proceedings; and third, the federal plaintiff must be able to litigate its federal claims in state proceedings." *M&A Gabee v. Community Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir 2005) (affirming district court's dismissal of two federal suits under Younger abstention due to earlier filed eminent domain actions in California state court).

Here, the Wisconsin action was initiated in July 2007 and was pending when DSD moved to partially vacate the final award. Hansen has

17

not raised any independent federal claims either in the underlying arbitration or its petition to confirm the award. Most importantly, both DSD's motion to vacate and Hansen's petition to confirm involve exclusively DSD's claims under the Wisconsin Fair Dealership Law – a statute that expressly proclaims the important public policy of protecting Wisconsin dealers. One of DSD's arguments in favor of vacation is that the award violates Wisconsin public policy.

A federal district court decision on this matter would be final as to this case. Any result reached by the federal district court would not be subject to review by the Wisconsin Court of Appeals. The Circuit Court's decision refusing to adjudicate is ultimately final as to DSD and is the equivalent of dismissal of DSD's entire case without review. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 10 (1983)(a stay order is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction from one sovereign court to another). As noted by the Supreme Court in the *Moses H. Cone* decision, the Circuit Court's order will be entirely unreviewable if not appealed now. Once the federal district court makes a decision, this Court would be bound to honor it as res judicata. Id. at 12.

Under the *Colorado River* doctrine where federal courts may, in the interest of "wise judicial administration," stay a case where a concurrent state action is pending involving identical issues. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 815 (1976). Factors to be considered include "the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation and the order in which jurisdiction was obtained by the concurrent forums." Id. at 818 (citations omitted). Other factors include whether state or federal law provides the rule of decision on the merits (*see Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2d Cir. 1996), and whether the state proceedings adequately protect the rights of the party seeking federal jurisdiction. (*see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983)).

    D.    *The Wisconsin Arbitration Statute is not pre-empted by the Federal Arbitration Act.*

The Wisconsin Arbitration Statute is not preempted by the Federal Arbitration Act. *Flexible Mfg Systems Pty Ltd v. Super Products Corp*, 874 F.Supp. 247, 248-49 (E.D. Wis. 1994) *aff'd Flexible Mfg. Systems Pty. Ltd. v. Super Products Corp.*, 86 F.3d 96 (7th Cir.(Wis.) Jun 07, 1996) (NO. 95-2160). *See also Volt Information Sciences, Inc. v. Bd. of Trustees of Leland*

*Stanford Jr. Univ.*, 489 U.S. 468, 477, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989) ("The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration.").

In *Volt,* the Court concluded that, although state law may be preempted by the FAA if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Id.* at 477, 109 S.Ct. at 1255 *quoting Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941), "it does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the act itself.... Just as [parties] may limit by contract the issues which they will arbitrate, ... so too may they specify by contract the rules under *249 which that arbitration will be conducted." *Id.* 489 U.S. at 479, 109 S.Ct. at 1256. *See also Flight Systems v. Paul A. Lawrence Co.*, 715 F.Supp. 1125, 1127 (D.D.C. 1989).

The FAA is a substantive law which Congress intended to apply to transactions affecting interstate and international commerce. *Southland Corp. v. Keating*, 465 U.S. 1, 10-14, 104 S.Ct. 852, 854-860, 79 L.Ed.2d 1 (1984) ("[T]he purpose of the [FAA] was to assure those who desired

20

Declaration Exhibit A Part C Page 33

arbitration and whose contracts related to interstate commerce that their expectations would not be undermined by federal judges or ... by state courts or legislatures.") (*quoting Metro Industrial Painting Corp. v. Terminal Construction Co.*, 287 F.2d 382, 387 (2d Cir.1961) (Lumbard, C.J., concurring)). As long as the Wisconsin Arbitration Act protects the parties' choice of resolution of their disputes through arbitration, it does not conflict with the FAA and thus is not preempted by it. *Flexible Mfg Systems Pty Ltd v. Super Products Corp*, 874 F.Supp. 247, 248-49 (E.D. Wis. 1994) *aff'd Flexible Mfg. Systems Pty. Ltd. v. Super Products Corp.*, 86 F.3d 96 (7th Cir. 1996).

IV.     The merits of DSD's appeal favor review by this Court.

The federal forum in San Diego is very inconvenient to DSD because it would be the second time DSD would have to litigate this matter in California. More important, the blatant forum avoidance in which Hansen has engaged since it first filed its lawsuit in Los Angeles and its arbitration demand with JAMS in San Diego would be not only successful but rewarded by the Wisconsin circuit courts as Hansen would be allowed to benefit from its misconduct. Both initial actions were specifically intended to avoid litigating DSD's Wisconsin Fair Dealership Law claims

in Wisconsin, where the statute has had the benefit of a wellspring of judicial analysis, to ensure the most costly, least convenient forum for consideration of DSD's state law claims. Because of Hansen's successful "race to the courthouse" forum avoidance, DSD's business has been demolished by the debt it had to accumulate to pursue its rights under the Wisconsin Fair Dealership Law. *This result is contrary to every precept and policy set out by the Wisconsin Legislature in the Wisconsin Fair Dealership Law and in the cases that interpret it.*

DSD's motion raises exclusively issues under Wisconsin state law-- the propriety of the arbitrator's denial of DSD's claims for Wisconsin Fair Dealership Law violations relating to termination and substantial change of circumstances of the dealership without good cause and the arbitrator's denial of attorney's fees for DSD as the prevailing party on Hansen's breach claims and on DSD's claims for protection as a "dealer" under the statute. The arbitrator failed to apply JAMS Procedural Rule 9(d) to exclude Hansen's affirmative defense raised at the hearing. Because the JAMS Procedural Rules were incorporated into the Distribution Agreement as the applicable rules for the arbitration process, the arbitrator exceeded his authority by failing to apply JAMS Rule 9(d). *See* Exhibit 14, Rule

9(d). As a result, Hansen's eleventh hour affirmative defense, which was a pretext to evade the penalties of the Wisconsin Fair Dealership Law, prevailed in direct contravention of JAMS Rule 9(d).

In addition, the arbitrator failed to apply Wisconsin's doctrine of constructive termination under the Wisconsin Fair Dealership Law. The arbitrator decided that DSD's claim for damages was defeated *at the hearing* when Hansen abandoned its request for a declaration allow it to terminate the agreement defeated DSD's claim for damages. Hansen specifically admitted that it was reversing course at the hearing to avoid the penalties of the Wisconsin Fair Dealership Law. Although the dealership has been continued by arbitral fiat, Hansen has successfully ensured its demise by forcing DSD to defend against its claims, all deliberately abandoned at arbitration, at an exorbitant cost to DSD thus wiping out any chance it had to achieve a profitable business. The decision is a clear violation of the public policy set out in the Wisconsin Fair Dealership Law and explicated by interpretive case law stating that its purpose is to protect

Wisconsin dealers against unfair treatment by grantors. Section 135.025(2), Wis. Stats.[7]

DSD has the right, under Section 788.10, Wis. Stats. to a review of the arbitrator's decision by the Wisconsin circuit court. Hansen cannot claim disadvantage in the Wisconsin state courts after it appeared without challenge to jurisdiction here and requested relief in the form of a stay to permit arbitration. Hansen's petition to confirm the award can be heard and decided in Wisconsin without any loss of its rights.

If, on the other hand, as the Circuit Court decision currently requires, jurisdiction over this matter is ceded to federal court in San Diego, DSD will lose its right to challenge the award under the Wisconsin arbitration statute, Chapter 788, Wis. Stats. DSD will also lose any right to appellate review in the Wisconsin state courts because a decision by the federal district court to confirm the award is not appealable to the Wisconsin Court of Appeals. This case presents important issues of fundamental Wisconsin state law arising under a statute whose purpose is specifically set out as promoting the public interest in fair business relations between Wisconsin

---

[7]/ The question of whether circuit courts may vacate arbitration awards for violation of public policy under Wis. Stat. § 788.10 was recently certified to the Supreme Court in *Cedarburg Education Association v. Cedarburg Board of Education* (District II, Appeal No. 2007AP852, filed April 2, 2008).

Declaration Exhibit A Part C Page 37

dealers and grantors, protecting Wisconsin dealers against unfair treatment by grantors, providing Wisconsin dealers with remedies in addition to those existing by contract or common law and governing all Wisconsin dealerships. Section 135.025, Wis. Stats. Contrary to Hansen's argument to the Circuit Court, there is no reason that DSD's motion should yield to Hansen's continued efforts to avoid the jurisdiction of Wisconsin courts.

## CONCLUSION

The Circuit Court does not appear to have examined the relevant facts. The Court did not apply the proper legal standard. The record does not show whether the Circuit Court used a demonstrable rational process to reach its decision. The Court did not reach a conclusion that a reasonable judge could reach when it decided that "the arbitration should be completed and finalized in Federal Court in the State of California without intervention of this Court." Petitioner will be irreparably harmed if the Circuit Court's decision is allowed to stand as written and the merits of the appeal favor review by this Court because they present important issues of state law and public policy for decision.

Petitioner therefore respectfully requests that this Court grant it leave to appeal the Circuit Court's Order on Jurisdiction and stay this matter at the Circuit Court without delay.

Dated this 30th day of May, 2008.

By: *Julie Lewis*
Julie A. Lewis
State Bar No.: 1048367
NOWLAN & MOUAT LLP
100 S. Main Street
P.O. Box 8100
Janesville, WI 53547-8100
(608) 755-8100
Attorneys for Plaintiff

## CERTIFICATION

I certify that this Petition conforms to the rules contained in § 809.19(8)(b) and (c), Wis. Stats., for a brief produced with a proportional serif font. The length of this brief is 35 pages and 5,617 words.

Dated May 30, 2008.

By: *Julie Lewis*
Julie A. Lewis
State Bar No.: 1048367
NOWLAN & MOUAT LLP
100 S. Main Street
P.O. Box 8100
Janesville, WI 53547-8100
(608) 755-8100
Attorneys for Plaintiff

Petition for Review-54474