RICHARD E. MCCARTHY [SBN 106050]
rmccarthy@swsslaw.com
TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Petitioner
HANSEN BEVERAGE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>Petitioner,<br><br>v.<br><br>DSD DISTRIBUTORS, INC., a Wisconsin corporation<br><br>Respondent. | CASE NO. 08-CV-0619 LAB (RBB)<br><br>**HANSEN BEVERAGE COMPANY'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A 3-PAGE SURREPLY IN OPPOSITION TO MOTION TO DISMISS OR STAY PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Date:   June 9, 2008<br>Time:   11:15 a.m. (no oral argument; taken under submission pursuant to Minute Order dated June 4, 2008)<br><br>Hon. Larry A. Burns |

## I.

## SUMMARY OF REQUESTED RELIEF

In its Reply, Respondent DSD Distributors, Inc. ("DSD") makes two fundamental misrepresentations of the record which require correction. Petitioner Hansen Beverage Company ("Hansen") makes this *ex parte* application for leave to file a surreply (after meeting and conferring with opposing counsel[1]) in order to correct the record. Correcting the record supplies the good cause requirement for this *ex parte* application.

---

[1] See Declaration of Tanya M. Schierling in Support of *Ex Parte* Application for Leave to File a 3-page Surreply ("Schierling *Ex Parte* Decl."), ¶ 2.

P:00429233:07565.132

Specifically, DSD argues that this Court should abstain from exercising jurisdiction over Hansen's petition to confirm Judge Haden's April 4, 2008 Final Award in arbitration (the "Final Award") because:

(1) Hansen failed to remove DSD's Wisconsin state court action to federal court (see Reply, 1:22-23; 3:3:2-3; 8:1-2); and

(2) Hansen agreed and the Arbitrator determined that Wisconsin state law is the "law of the case" (see Reply, 1:16-19; 1:26-27; 2:13-14; 5:19-21; 5:22-23; 7:13-16; 8:1-2).

Both of these statements, which DSD makes repeatedly throughout its Reply, are false and misleading. The undisputed facts are:

(1) DSD intentionally named two Wisconsin companies as defendants in its Wisconsin state court action, in addition to naming Hansen, undoubtedly for the precise purpose of **preventing** Hansen from removing to federal court on grounds of diversity. See, a copy of DSD's Verified Complaint in the Wisconsin state court action ("DSD's Complaint"), Exhibit 2 to the Declaration of Tanya M. Schierling In Support of Hansen Beverage Company's Opposition to the Motion to Dismiss or Stay, previously filed on May 23, 2008 ("Schierling Opposition Decl.") (defendant "Wisconsin Distributors is a Wisconsin limited liability corporation with its principal place of business [in] Wisconsin . . ." and defendant "River City is a Wisconsin corporation with its principal place of business [in] Wisconsin." DSD's Complaint, ¶¶ 8-9). By suggesting that Hansen waived its right to invoke federal court jurisdiction for this action because it "failed" to seek removal of the Wisconsin state court action, but then omitting the undisputed fact that no basis for removal existed in the Wisconsin state court action, DSD misrepresents the record and misleads this Court.

(2) Hansen **did not** agree and the Arbitrator **did not** determine that Wisconsin law governed the arbitration and all claims raised and resolve in the arbitration. To the contrary, the Final Award states: *"The substantive law of California and the California Arbitration Act together with the Federal Arbitration Act and the JAMS Comprehensive Rules shall apply in this proceeding* unless the parties otherwise agree in writing. The WFDL

1 [Wisconsin Fair Dealership Law] has also been considered *where applicable.*" See, Exhibit 1 to Schierling Opposition Decl., a copy of DSD's motion for partial vacation, specifically, Exhibit "L" to the Affidavit of Julie Lewis, a copy of the Final Award (page 143 of Exhibit 1 to Schierling Opposition Decl.). DSD again seriously misrepresents the record. The Arbitrator ruled precisely in accordance with the parties' written contract: California law applies unless and except where fundamental public policy of Wisconsin conflicts with California law. Because no fundamental public policy of Wisconsin is implicated or impinged by application of California's Arbitration Act, California law—and not Wisconsin law—governs confirmation of the Final Award.

## V.

## CONCLUSION

The Court should decide DSD's motion on the complete *and accurate* record in this matter. Hansen therefore requests leave to file a surreply to correct DSD's misstatements of the record or, alternatively, requests that the Court accept and consider this application as Hansen's surreply.

DATED: June 5, 2008     SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ *Tanya M. Schierling*
RICHARD E. MCCARTHY
TANYA M. SCHIERLING
Attorneys for Petitioner Hansen Beverage Company

# CERTIFICATE OF SERVICE

I caused the **HANSEN BEVERAGE COMPANY'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A 3-PAGE SURREPLY IN OPPOSITION TO MOTION TO DISMISS OR STAY PETITION TO CONFIRM ARBITRATION AWARD** to be served in the following manner:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

**Electronic Mail Notice List**

| | |
|---|---|
| Leila Nourani, Esq.<br>Michael B. McCollum, Esq.<br>Foley & Lardner<br>555 South Flower Street, Suite 3500<br>Los Angeles, CA 90071<br>Telephone: (213) 972-4500<br>Facsimile: (213) 486-0065<br>lnourani@foley.com<br>mmccolum@foley.com<br>Attorneys for Defendant<br>DSD Distributors, Inc. | Julie A. Lewis<br>Nowlan & Mouat, LLP<br>100 South Main Street<br>P.O. Box 8100<br>Janesville, WI 53547-8100<br>Telephone: (608) 755-8100<br>Facsimile: (608) 755-8110<br>jlewis@nowlan.com<br>Attorneys for DSD Distributors, Inc. |

/s/ *Tanya M. Schierling*
TANYA M. SCHIERLING