**NOWLAN & MOUAT, LLP**
JULIE A. LEWIS (ADMITTED PRO HAC VICE)
JLEWIS@NOWLAN.COM
100 SOUTH MAIN STREET
P.O. BOX 8100
JANESVILLE, WI 53547-8100
Tel. (608) 755-8100
Fax (608) 755-8110

**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:    213.972.4500
FACSIMILE:    213.486.0065

LEILA NOURANI, CA BAR NO. 163336
LNOURANI@FOLEY.COM
MICHAEL B. MCCOLLUM, CA BAR NO. 235447
MMCCOLLUM@FOLEY.COM

402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
TELEPHONE:    619.234.6665
FACSIMILE:    619.687.6767

MICHAEL P. MCCLOSKEY, CA BAR NO. 106051
MMCCLOSKEY@FOLEY.COM
Attorneys for Respondents DSD DISTRIBUTORS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation<br><br>Petitioner,<br><br>vs.<br><br>DSD DISTRIBUTORS, INC., a Wisconsin corporation<br><br>Respondent. | Case No:  08 CV 0619 LAB RBB<br><br>**DSD DISTRIBUTORS, INC.'S RESPONSE TO HANSEN BEVERAGE COMPANY'S EX PARTE APPLICATION FOR LEAVE TO FILE SURREPLY**<br><br>Judge:        Hon. Larry A. Burns<br><br>Hearing<br>Date:        June 9, 2008<br>(Matter taken under submission without oral argument) |

Petitioner Hansen Beverage Company ("Hansen") has requested leave to file

the surreply that Petitioner has effectively already filed with the Court, and without

even attempting to set forth why DSD has "good cause" for this *ex parte*

application or surreply.  Respondent DSD Distributors, Inc. ("DSD") asks that the

LACA_1821175.1

Court deny Petitioner's motion and strike Petitioner's surreply for failure to show good cause.

In the alternative and in response, DSD asks the Court to note that, with regard to Hansen's first point, if Hansen believes that the additional local defendants in the Wisconsin action were only added to defeat diversity, as Hansen appears to suggest in its surreply, Hansen certainly could have still sought to remove that action and argue those parties were "sham" defendants. Hansen did not do so.

With regard to Hansen's second point, Hansen's claim that it "did not agree . . . that Wisconsin law governed the arbitration and all claims raised and resolve[d] in the arbitration" is simply incorrect. The parties' contract incorporates the JAMS Comprehensive Arbitration Rules and Procedures, of which Rule 25 states that enforcement of awards shall be governed by the FAA "or applicable state law." Hansen thus agreed to application of Wisconsin law in the original contract by contracting with a Wisconsin dealer protected by Wisconsin law. The Arbitrator's Choice of Law ruling then confirmed this, and specifically stated that "Hansen *agree[d]*" that Wisconsin law would apply if DSD is found to be a dealer. (DSD Reply, p. 7, lns. 3-11.) Hansen then proceeded to arbitrate the dispute in spite of this ruling, and DSD was found to be a dealer.

Likewise, Hansen's claim that the Arbitrator's Final Award somehow contradicts his earlier ruling to hold that only California law applies to confirmation of the award (see Ex Parte App., p. , lns. 4-9) is also simply false, and misleads this Court. To the contrary, the Final Award, as quoted by Hansen itself, notes that "the Federal Arbitration Act and the JAMS Comprehensive Rules" apply, and, as noted above, the JAMS Comprehensive Rules call for application of the FAA or "applicable state law."

In this case, Hansen cannot deny that application of the Wisconsin Fair Dealership Law was the central issue in the arbitration, and thus application of

LACA_1821175.1

Wisconsin law is central to any evaluation of whether the Arbitrator properly carried out his duties.  Indeed, the Wisconsin Fair Dealership Law itself expressly prohibits parties from circumventing its protections by way of contract.[1]  Hansen also cannot deny that a Wisconsin state court is best positioned to make this determination, and can do so whether through application of Wisconsin's law related to enforcement of arbitrations, or the FAA itself.  *See Southland Corp. v. Keating*, 465 U.S. 1, 15-16, 104 S.Ct. 852, 860-861 (1984) (state court may apply FAA).

Accordingly, there is no reason why a California state or federal court must hear Hansen's petition – and because this federal Court lacks subject matter jurisdiction and because of the pending parallel action in Wisconsin, DSD respectfully submits this Court may not hear this petition.

Respectfully submitted,

Dated:  June 10, 2008

FOLEY & LARDNER LLP
LEILA NOURANI
MICHAEL B. MCCOLLUM

By:   /s/ Leila Nourani
      Attorneys for Respondent
      DSD DISTRIBUTORS, INC.,
      a Wisconsin corporation

---

[1] Wis. Stat. § 135.025(3) ("The effect of this chapter may not be varied by contract or agreement.  Any contract or agreement purporting to do so is void and unenforceable to that extent only.")

3

LACA_1821175.1