STATE OF WISCONSIN
COURT OF APPEALS
DISTRICT IV

DSD DISTRIBUTORS, INC.,
    Plaintiff-Petitioner,

vs.

HANSEN BEVERAGE COMPANY, et al.,
    Defendants-Respondents.

**MOTION FOR RECONSIDERATION OF
PLAINTIFF-PETITIONER'S PETITION FOR LEAVE TO APPEAL
NON-FINAL JUDGMENT OR ORDER**
Rock County Case No. 07 CV 1120

Julie A. Lewis
State Bar No. 1048367
NOWLAN & MOUAT LLP
100 S. Main Street
P.O. BOX 8100
Janesville, WI 53547-8100
(608) 755-8100; Fax (608) 755-8110
Attorneys for Plaintiff-Petitioner

# TABLE OF AUTHORITIES

**Cases**

| | |
|---|---|
| *East Bay Running Store, Inc. v. Nike, Inc.*, 890 F.2d 996, 999 (7th Cir.1990) | 5 |
| *JPM, Inc. v. John Deere Industrial Equipment Company*, 934 F.Supp. 1043, 1045 (W.D.Wis.1995) aff'd 94 F.3d 270 (7th Cir.1996) | 4 |
| *Les Moise, Inc. v. Rossignol Ski Co., Inc.*, 361 N.W.2d 653 (1985) | 4 |
| *Loy v. Bunderson*, 320 N.W.2d 175 (1982) | 2 |
| *McCleary v. State*, 182 N.W.2d 512, 520 (1971) | 2 |
| *Racine County, et al. v. IAM*, Case No. 2006AP964, opinion filed June 26, 2008 | 1, 2 |
| *Remus v. Amoco Oil Co.*, 794 F.2d 1238 (7th Cir.1986) | 4 |
| *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 269 (7th Cir.2006) | 1 |

**Statutes**

| | |
|---|---|
| 9 U.S.C. § 1, *et seq* | 1 |
| Wis. Stat. §§ 135.01, *et seq* | 2 |
| Wis. Stat. § 788.02 | 2 |
| Wis. Stat. § 788.10(1)(d) | 2 |

Wis. Stat. § 808.03(2) .......... 1

Wis. Stat. § 809.24(1) .......... 1

**Other Authorities**

JAMS Procedural Rule 9(d) .......... 2

ISSUE PRESENTED

In light of the Wisconsin Supreme Court's June 26, 2008, decision in *Racine County, et al. v. IAM*, Case No. 2006AP964, does the Plaintiff's Petition satisfy the § 808.03(2) criteria and demonstrate the likelihood of success on the merits?

SUMMARY OF ARGUMENT

Plaintiff-Appellant DSD Distributors, Inc. ("DSD") respectfully requests, pursuant to § 809.24(1), that the Court of Appeals reconsider its June 24, 2008, denial of DSD's Petition for Leave to Appeal a Non-Final Order or Decision filed with the Court on May 30, 2008.

The Supreme Court's decision in *Racine County, et al. v. IAM* holds that, in Wisconsin, arbitration awards **must** be overturned when the arbitrator has exceeded his powers. In contrast to federal law, under post-*Racine* Wisconsin law, an arbitrator exceeds his powers when he manifestly disregards the law by failing to fully consider a properly raised question of law or when the award violates a strong public policy.[1] The arbitrator in this case exceeded his powers by disregarding his contractual authority and by failing to fully consider the properly raised question of constructive

---

[1] / The FAA, 9 U.S.C. § 1, *et seq.* allows review of an arbitral award for manifest disregard of the law only when the arbitrator has directed the parties to violate the law. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 269 (7th Cir.2006)

1

termination. As a result, the award violates the Wisconsin Fair Dealership Law (WFDL), *Wis. Stat.* 135.01, *et seq.*, and the strong public policy delineated therein.

Appellate review of the jurisdictional issue submitted to the Court by Petition will 1) clarify whether DSD is entitled to have its § 788.10(1)(d) motion to vacate heard in Wisconsin circuit court, 2) protect DSD from the loss of its rights under the Wisconsin Arbitration Act and the WFDL, and 3) decide whether actions that are stayed under §§ 788.02 and 801.63 to allow arbitration in a foreign forum are automatically excluded from judicial review in Wisconsin under Chapter 788 and the *Racine County* decision.[2]

## ARGUMENT

In its *Racine County* decision, the Supreme Court directed Wisconsin circuit courts to conduct a de novo review when it is alleged under § 788.10(1)(d) that an arbitrator has exceeded his powers. *Racine County* at ¶ 11. When an arbitration award violates public policy or conflicts with governing law as set forth in the statutes or interpretive case

---

[2] / It is indisputable that the Circuit Court's decision does not examine the relevant facts, apply the proper standard of law or describe the demonstrative rational process it used to reach a reasonable conclusion as required by *McCleary v. State*, 182 N.W.2d 512, 520 (1971) and *Loy v. Bunderson*, 320 N.W.2d 175 (1982).

2

law, the award must be vacated because the arbitrator has exceeded his authority. Id. at ¶ 34, 35. In the present case, the arbitrator's finding that Hansen could, at the hearing, rescind its termination of DSD's dealership to avoid paying damages to DSD protected the grantor, not the dealer. The award is completely inconsistent with the WFDL and renders the statute meaningless.

Hansen sued DSD at arbitration on April 25, 2007, for breach of contract and requested a declaration that it was entitled to terminate DSD's dealership outside the scope of the WFDL. *App. 034* The same day, Hansen delivered to DSD its Notice of Termination citing seven contract breaches but containing no cure instructions. *App. 001-003* Hansen informed DSD that if the breaches were not cured in 60 days, "HBC intends to terminate the Distribution Agreement for good cause" in 90 days. *App. 002* According to the notice, after 90 days, Hansen would refuse to pay even the contractual severance payment which was contingent on the dealer not being in breach at termination. *App. 019*

In its termination notice, Hansen told DSD that it intended to perform under the dealership agreement "*until* the Arbitration [requesting confirmation of the right to terminate] has been adjudicated *or* the

3

Agreement is terminated due to Distributor's failure to cure and remedy the breaches referred to above *within the applicable period*." (emphasis added) *App. 002* Hansen's 90 day termination notice gave DSD two options – immediately give up its right to damages under the WFDL or be terminated for cause in 90 days with no compensation. Hansen's unlawful termination has financially ruined the business. The arbitration award enabled precisely the outcome the statute was intended to prevent.

These actions are illegal in Wisconsin and constitute constructive termination of the dealership. "[A]llowing grantors to threaten dealers with unlawful termination ... inhibit[s] the law's purpose of ensuring dealers fair treatment." *JPM, Inc. v. John Deere Industrial Equipment Company*, 934 F.Supp. 1043, 1045 (W.D.Wis.1995) *aff'd* 94 F.3d 270 (7th Cir.1996). Removing a dealer's options to sell on its own terms is an adverse action under the law. Id. "It does not matter that defendants had not yet carried out their threats; their existence and their adverse effect on plaintiffs are enough to make them sufficiently completed actions." Id.[3] *See also Remus v. Amoco Oil Co.*, 794 F.2d 1238 (7th Cir.1986)(constructive termination – efforts to drive the dealer out of business by making his competitive

---

[3] / Furthermore, the WFDL's one year statute of limitations for unlawful termination begins to run as of the termination notice date, not the actual termination date. *Les Moise, Inc. v. Rossignol Ski Co., Inc.*, 361 N.W.2d 653 (1985)

4

circumstances so desperate he "voluntarily" gives up the dealership – is termination under the WFDL). Further, under Wisconsin law, when, as in this case, the arbitrator makes a finding of "no good cause," that finding mandates a finding of termination or substantial change of circumstances. *East Bay Running Store, Inc. v. Nike, Inc.*, 890 F.2d 996, 999 (7th Cir.1990)

## CONCLUSION

For these reasons, DSD requests reconsideration of the Court's denial of its Petition.

Dated this 14th day of July, 2008.

By: _____
Julie A. Lewis
State Bar No.: 1048367

NOWLAN & MOUAT LLP
100 S. Main Street
P.O. Box 8100
Janesville, WI 53547-8100
(608) 755-8100
Attorneys for Plaintiff-Petitioner

## CERTIFICATION

I certify that this Motion conforms to the rules contained in § 809.24, Wis. Stats., for a motion produced with a proportional serif font. The length of this Motion is five pages and 1,076 words.

Dated July 14th, 2008.

By: _____
Julie A. Lewis
State Bar No.: 1048367
NOWLAN & MOUAT LLP
100 S. Main Street
P.O. Box 8100
Janesville, WI 53547-8100
(608) 755-8100
Attorneys for Plaintiff